Filed Jan. 6, 1892.

———————◆———————

No. 400.

## JAQUA v. WOODBURY.

PROMISSORY NOTE.—*Action on.*—*Pleading.*—*Complaint.*—*Independent Paragraphs.*—Though each paragraph of complaint must be sufficient in itself, yet, in an action on a note, where a copy of the note is filed with the complaint, an averment in one paragraph that the note was signed as alleged in a preceding paragraph is immaterial, and will be regarded as surplusage.

SAME.—*Pleading.*—*Complaint.*—A paragraph of complaint, in an action on a note, a copy of which is made a part of the complaint, is not rendered bad, because of failure to aver that the note was payable to plaintiff.

From the Jay Circuit Court.

*D. T. Taylor* and *R. H. Hartford,* for appellant.

*C. Corwin* and *J. M. Smith,* for appellee.

CRUMPACKER, J.—The only question presented by the record relates to the sufficiency of the second paragraph of complaint upon demurrer. It is as follows:

"Plaintiff further complains of said defendants, and says that on the 25th day of January, 1888, the defendants, using the names and styles aforesaid, executed their note, a copy of which is filed herewith and made part of this complaint,

in which they promised to pay the sum of one hundred dollars, without any relief whatever from valuation or appraisement laws, and attorney's fees, with six per cent. interest from date ; that twenty-five dollars is a reasonable fee for an attorney collecting said note ; that the same is due and unpaid. Wherefore plaintiff demands judgment for three hundred dollars and other relief."

A copy of the note was filed with the complaint, and from it it appears that the makers used the initial letters of their Christian names in signing it. The first paragraph declared upon another note signed in the same manner, and it is there alleged that the makers so used their initials in signing that note.

The point is made that the second paragraph improperly refers to the first in describing the manner of signing the note.

While we concur in the view that each paragraph must be sufficient within itself, and can not borrow strength from the other, yet the averment respecting the signatures may be regarded as surplusage. It is alleged that the note was executed by the defendants, and the copy filed with the complaint in obedience to the requirements of the practice act must be looked to in determining the character of the signatures. *Cress* v. *Hook,* 73 Ind. 177 ; *Carper* v. *Gaar, Scott & Co.,* 70 Ind. 212 ; *Crandall* v. *First Nat'l Bank,* 61 Ind. 349 ; *Mercer* v. *Hebert,* 41 Ind. 459 ; *Booker* v. *Ray,* 17 Ind. 522.

It is further argued that the paragraph under consideration is bad, because it contains no allegation that the note was payable to appellee. It shows on its face that it is payable to her, and any averment upon the subject would be controlled by the exhibit, and in the absence of any averment at all the exhibit will furnish the information.

There was no error in the decision of the court.

The judgment is affirmed, with ten per cent. damages.

Filed Jan. 7, 1892.