RICE, APPELLEE, *v.* PIGMAN, APPELLANT.

(No. 1013—Decided April 23, 1953.)

*Messrs. Fitton, Pierce & Black,* for appellee.
*Mr. Harry T. Wilks,* for appellant.

Ross, J. This is an appeal on questions of law from a declaratory judgment of the Court of Common Pleas of Butler County, in favor of the plaintiff, who is an attorney employed by Frank Pigman, one of the defendants in the action, to handle a claim under the Workmen's Compensation Act against the defendant Fisher Body Division, General Motors Corporation, a self-insurer.

In the petition, it is alleged that the plaintiff and defendant Pigman entered into a written contract, wherein it was agreed that the plaintiff would handle the case of Pigman ''before the Industrial Commission of Ohio, and in the courts if necessary'' and receive as full compensation, ''a sum equal to but not exceeding twenty per cent (20%) which sum shall include both fees and expenses, leaving the full amount of eighty (80%) net'' to Pigman. The effect of such agreement is to relieve Pigman of all costs and expenses and fees not included in a contingent fee of 20% of the recovery.

Plaintiff stated further that, pursuant to the agreement, he did represent Pigman before the Industrial Commission, that an award was obtained for Pigman in the sum of $3,125, and that the plaintiff is entitled to the sum of $635 ''for his fees and expenses incurred incident thereto.''

Plaintiff admitted receipt of $10, and stated that the award, with the exception of $615, has been paid to Pigman, and that such latter sum remains in the hands of the defendant Fisher Body Division, General Motors Corporation, Pigman's employer.

Plaintiff stated further that Pigman made an assignment of such sum of $615 to him, but has since re-

pudiated the same. It is alleged that the defendant Fisher Body Division of the General Motors Corporation is a self-insurer.

Plaintiff prayed for a declaration of his rights under such contract and assignment; that the funds in the hands of the corporation be impounded; *that such contract and assignment be declared reasonable* and binding upon the parties to the action; and that the sum of $615 in the hands of the corporation be ordered paid to him. The Industrial Commission was made a party to the action ''out of courtesy to it.''

Demurrers to the petition were overruled. The Industrial Commission filed no pleading of any kind. The corporation answered, alleging it had $425 in its possession, a balance due Pigman out of a settlement made with him.

Pigman answered, stating that the contract had been ''the subject of a finding of fact'' by the Industrial Commission, wherein it was found that a dispute existed between the plaintiff and Pigman concerning the amount of attorney's fees due plaintiff, that the services rendered by the plaintiff ''were of a reasonable value of $150, $10 of which had been paid by Pigman, leaving a balance of $140 due plaintiff.'' Pigman denied that plaintiff had ever represented him before the Industrial Commission.

Trial was had to the court without a jury. The court in its entry found that Pigman had employed the plaintiff ''as alleged in the petition''; that an award was made after services rendered by plaintiff; that Pigman made an assignment as alleged in the petition; that the contract and assignment were valid; that the corporation holds $425 as a balance due Pigman out of a settlement made with him; that Pigman was legally obligated to pay the plaintiff $625 as compensation for his services; that Pigman has paid plaintiff $10; and that there is now due and owing plaintiff the sum of

$615. An order was made directing the corporation to pay plaintiff the sum of $425.

From the evidence it appears that the instruments were executed as alleged by plaintiff; that Pigman employed plaintiff on June 28, 1949; that an award was made by the corporation of $3,125 on June 5, 1950; that the assignment was executed November 16, 1951; and that on December 5, 1951, plaintiff mailed a motion and letter to the industrial commission. It appears further that in this letter plaintiff stated "there is no dispute," and further that "it may be that the employer will hang fire on this, unless as in the past, the commission *approves* the mutual arrangement which has been made between attorney and client." (Emphasis added.)

The motion accompanying this letter was on a form of the Industrial Commission of Ohio. In it was stated the amount due plaintiff; that the assignment had been executed; that a copy was sent to the corporation; and that the corporation-employer has failed to acknowledge receipt thereof. Copies of the agreement, assignment, power of attorney, and letters to the employer and Pigman were attached to the "motion" which concluded with: "Therefore said attorney moves the commission to enter an order herein, authorizing and directing said employer to comply with the request of the claimant set forth in the above mentioned paper, as per the terms thereof, it being a self-insuring employer."

It will be noted (1) that plaintiff in his letter to the Industrial Commission seeks its approval of the arrangement with Pigman; (2) that Pigman invokes the power of the commission to require the employer to honor the assignment; and (3) that "in support of this motion" plaintiff submitted copies of the contract, assignment, and letters to Pigman and the employer corporation.

On December 8, 1951, Pigman filed a letter with the Industrial Commission. In this letter he stated his employment of plaintiff, that he had executed the contract, that he had only one other "contact" with plaintiff when he went to plaintiff to see if he should sign certain papers in connection with an award which he had been informed by his employer was being made. In this letter Pigman protested vigorously that the fees charged were excessive and stated he was willing to pay what is right. The plaintiff in his letter stated that there was no dispute. Certainly, it would not seem to require more than what here appears to justify the conclusion that a most serious "controversy in respect to fees" was here involved. It thus appears that both parties invoked the power of the Industrial Commission to act in respect to fees.

The plaintiff sought the approval of the commission of the instruments involved, which included the fixing of plaintiff's compensation, and Pigman asked for the fixing of a reasonable fee.

It appears further from the evidence that the services rendered by the plaintiff were slight indeed. The plaintiff attended a hearing held by the Industrial Commission after notice to the parties, but withdrew when it was apparent the commission intended to inquire into the extent and character of the services rendered by plaintiff.

The Industrial Commission approved as reasonable a charge of $150, with a credit of $10 paid thereon by Pigman, and, under the circumstances, it would seem that it acted wholly within its powers in so doing under the provisions of Section 1465-111, General Code. Of course, the implication is that a fee in excess of $150 is unreasonable.

It will be noted that the trial court (1) made no finding on the reasonableness of the fee, (2) predicated its conclusions solely upon the binding character of the

instruments signed by the plaintiff and Pigman, (3) found that the settlement by the employer was "made under authority of the defendant Industrial Commission of Ohio," and (4) ignored the finding of reasonableness by the Industrial Commission, although the evidence of such finding was before it.

One other matter is to be considered. The Industrial Commission made no *order* as to fees. Its action is a finding of reasonableness and nothing more. It made no finding on the conclusiveness of the agreement and assignment.

If the trial court was correct in its conclusion that the agreement and assignment are valid and binding on Pigman, then its judgment must be affirmed.

In 10 American Jurisprudence, 557, "Champerty and Maintenance," Section 9, it is stated:

"A contract for a contingent fee by which an attorney agrees to save his client harmless from costs and expenses of proposed litigation is void."

To the same effect is 7 Ohio Jurisprudence, 99, "Champerty and Maintenance," Section 4.

To the same effect are the cases: *Stewart* v. *Welch,* 41 Ohio St., 483; *Pennsylvania Co.* v. *Lombardo,* 49 Ohio St., 1, 5, 29 N. E., 573, 14 L. R. A., 785; *Reece* v. *Kyle,* 49 Ohio St., 475, 484, 31 N. E., 747, 16 L. R. A., 723; and *Brown* v. *Ginn, Trustee,* 66 Ohio St., 316, 324, 64 N. E., 123.

These authorities require the conclusion that the agreement between the plaintiff and Pigman was champertous, against public policy, invalid, and, therefore, unenforceable; and the assignment predicated thereon must also be stamped with the same character of illegality.

The judgment of the trial court is reversed, and the judgment which the trial court should have rendered in favor of the defendant is here entered.

The matter of the reasonableness of the fee was not

a matter which, under the circumstances here considered, was or could have been submitted to the trial court. The action instituted by the plaintiff was not an appeal from the "finding" of the Industrial Commission.

*Judgment reversed.*

HILDEBRANT, J., concurs in syllabus, opinion and judgment.

MATTHEWS, P. J., dissenting. In this action for a declaratory judgment, it is my view that if the court assumes jurisdiction at all, it should proceed to declare all the rights of the parties. It may very well be that the express contract and assignment between these parties are champertous and void. The court has so declared. The plaintiff, therefore, can predicate no claim upon them. The question remains as to whether he has any other lawful basis for a claim.

I am of the opinion that the plaintiff, having performed some service at the special instance and request of the defendant Pigman, contributing, at least to some extent in the allowance of his claim against General Motors Corporation, he was entitled to reasonable compensation therefor, the exact amount to be fixed by the Industrial Commission under the authority conferred upon it by Section 1465-111, General Code. I think our judgment should include this declaration. Its omission requires me to dissent.