LoGuidice et al., Appellees, *v.* Harris et al., Appellants.

(Nos. 3617, 3618 and 3622—Decided June 28, 1954.)

*Mr. Charles B. Creighton,* for appellees.
*Messrs. Rendinell & Powers* and *Mr. Alvy T. Witt,* for appellants.

Fess, J.   These are separate appeals on questions of law by defendants Rendinell (No. 3617) and Hall (No. 3618) from a judgment entered on a verdict directed by the court in favor of the plaintiffs and against said defendants.   Plaintiffs' appeal (No. 3622) is from a judgment dismissing defendant Larrimer. The defendant Harris (upon whom no service was had), in 1941, filed claim for compensation with the Industrial Commission for injuries alleged to have been sustained in the course of his employment by

LoGuidice and others, partners—the plaintiffs in the instant action. The partners were noncomplying employers under the Workmen's Compensation Act.

In 1944 the Industrial Commission found that Harris, on November 15, 1940, was not an employee of the partnership within the meaning of the Workmen's Compensation Act and disallowed the claim. Thereafter Harris filed his petition in the nature of an appeal against the partners in the Common Pleas Court. To that petition the partners filed an answer denying that they had employed more than three employees or were amenable to the act. They further alleged that Harris was engaged by them as an independent contractor and not as an employee. Defendants Rendinell, Hall and Larrimer, in the instant action, were attorneys for Harris in his action against the partners. The case was assigned for trial on April 9, 1945. Pursuant to negotiations for settlement, Harris, Rendinell and Hall executed an agreement and release reciting that in consideration of the court entering a finding that Harris was entitled to participate in the benefits of the Workmen's Compensation Act, Harris, Larrimer, Hall and Rendinell would save the partners harmless from all liability which might arise by reason of any awards made by the Industrial Commission and chargeable against said partners. They further agreed to pay personally the full amount of any award by reason of such judgment, which should be charged or would become a liability against the partners.

The agreement provides further that it was expressly understood that this agreement was solely executed to provide an absolute indemnity to the partners from all claims, charges, or demands of any nature arising out of the claim of Harris set forth in the pending action, and "that Harris and his attorneys, Hall and Rendinell, individually each and for himself agrees to the said guarantee and indemnity and will conform

and complete any and all details and arrangements and provide that (the partners) are saved harmless from any claim of whatever kind or matter that may arise in the aforesaid mentioned cause of action.'' The agreement was not signed by Larrimer but was signed by Harris, Hall and Rendinell.

On the same day, Harris signed an instrument releasing the partners from any and all claims arising out of his claim for compensation filed with the Industrial Commission.

On April 17, 1945, a consent entry was approved by the court, finding on the issues joined in favor of the plaintiff and that plaintiff was entitled to participate in the benefits of the Workmen's Compensation Act. A further entry was filed April 23, 1945, overruling a motion for a new trial, re-entering judgment including allowance of an attorney fee to D. F. Rendinell. In compliance with the judgment, the Industrial Commission made an award and payment to Harris. In April, 1946, an action was brought by the state to recover from the partners the amount paid to Harris, and in June, 1946, judgment by default was rendered against them. In January, 1951, a petition to vacate the default judgment was filed and, upon the court's refusal to vacate, an appeal was taken to the Court of Appeals. The claim of the state was finally settled by the payment of $2,100. Incident to this litigation, the partners incurred and paid $834.56 in attorneys' fees and costs.

The instant action is brought on behalf of the former partners against Harris, Rendinell, Larrimer and Hall upon the agreement of April 9, 1945, for reimbursement of the $2934.56.

At the conclusion of the case, the defendant Larrimer was dismissed for failure of proof that he had entered into the agreement. Plaintiffs and defendants Hall and Rendinell severally moved the court to di-

rect a verdict in their favor, but Rendinell reserved the right to have his case submitted to a jury in the event the motion should be overruled. The trial court correctly decided that under the proof no question of fact was presented. It thereupon directed the jury to return a verdict in favor of the plaintiffs and against the defendants Hall and Rendinell for the sum of $2934.56. From the judgment entered on the verdict, defendants Hall and Rendinell appeal.

By way of preface to the discussion of the principles supporting our decision, it must be stated that the conduct of Harris' attorneys in executing the indemnity agreement savors of champerty and maintenance. Primarily, champerty is a bargain between one having an interest in a law suit, either as plaintiff or defendant, and another who is a stranger thereto, whereby such stranger, called the champertor, agrees to carry on the prosecution or defense of such suit at his own expense, in consideration of his receiving a part of the proceeds in the event of a favorable determination of the litigation. Maintenance is an officious intermeddling in a suit that in no way belongs to one, by maintaining or assisting either party with money or otherwise, to prosecute or defend it. Champerty is a species of maintenance. *Key* v. *Vattier*, 1 Ohio, 132; *Weakly* v. *Hall*, 13 Ohio, 167; *Stewart* v. *Welch*, 41 Ohio St., 483; *Pennsylvania Co.* v. *Lombardo*, 49 Ohio St., 1, 29 N. E., 573; *Brown* v. *Ginn, Trustee*, 66 Ohio St., 316, 64 N. E., 123.

In Ohio, a contingent fee agreement, pursuant to which an attorney agrees to render legal services and to advance costs and expenses in the first instance, has been held valid and not unlawful upon the ground of champerty. *Reece* v. *Kyle*, 49 Ohio St., 475, 31 N. E., 747. In the latter case, reference was made to *Weakly* v. *Hall*, *supra*, and *Stewart* v. *Welch*, *supra*, and the court pointed out an important distinction be-

tween those cases and the *Reece case,* saying, at page 484:

"In each case the suit was to be prosecuted wholly without cost or expense to the original owner of the claim, and it does not appear that the party maintaining the contract had any interest in or claim upon the cause of action other than that given by the assignment."

And in *Davy* v. *The Fidelity & Casualty Ins. Co.,* 78 Ohio St., 256, 85 N. E., 504, the court holds that while a contract for an attorney fee contingent upon recovery is ordinarily valid, yet when such contract stipulates that the client shall not compromise or settle his claim without the consent of the attorney, it is champertous and voidable at the option of the client. In refusing to apply the stringent common law and English rule against champerty in *Reece* v. *Kyle, supra,* the court said, at page 488:

"Each case as it presents itself may be safely left for disposition on its own peculiar facts."

In the instant case, the attorneys did not apparently bear the cost expenses of the litigation, but incident to the prosecution and successful termination of the action they agreed to indemnify the defendants against whom judgment was taken for any loss they might sustain as a result thereof.

In the absence of evidence directly disclosing the intent and purpose of the agreement, it may reasonably be inferred that it was the intent of the parties and their counsel, surreptitiously and without the knowledge of the court, to have entered a judgment by consent which would require the Industrial Commission to pay the claim. The parties and their counsel knew that under the law, upon payment of the claim, the partners would become liable for reimbursement to the commission. It may therefore be assumed that they anticipated the commission would fail to assert

its lawful claim against the partners. But counsel for the partners were unwilling to have their clients gamble upon the possible failure of the commission to assert its claim, and, prior to consenting to the judgment, insisted upon the execution of the indemnity agreement not only by the claimant but by his attorneys.

After somewhat diligent research, we have discovered no decision directly bearing upon such an unusual contract. Although no statute relating thereto (other than Section 2917.43, Revised Code) has ever been enacted in Ohio, champerty and maintenance have been the subject of judicial inquiry, and the conduct of attorneys is subject to proper scrutiny by the courts. Courts continue to be careful not to sanction contracts which appear to encourage a gambling spirit—one leading to the prosecution of pretended claims for a possible reward. *Reece* v. *Kyle, supra.*

In *Stewart* v. *Welch, supra,* it was held that a contract whereby the claim was assigned to Welch, who brought suit in his own name, could not be enforced, since the contract was made for the purpose of carrying on litigation without expense to and free from control of the assignor who was to receive nothing except a share of the recovery. An attorney who agrees to bear the cost and expenses of a lawsuit regardless of recovery is guilty of maintenance; and an attorney who agrees with his client to indemnify the opposing party from loss incident to the litigation is likewise guilty of maintenance. We therefore conclude that the contract upon which the instant action is brought is against public policy and void.

The contract is also violative of Section 1465-101, General Code (Section 4123.82, Revised Code), which provides in no uncertain terms that "all contracts and agreements shall be absolutely void and of no effect which undertake to indemnify or insure an employer

against loss or liability for the payment of compensation to workmen * * * for * * * injury * * * occasioned in the course of such workman's employment * * *."

As observed by the Supreme Court in *Midvale Coal Co.* v. *Cardox Corp.*, 152 Ohio St., 437, 445, 89 N. E. (2d), 673, Section 1465-101, General Code, was enacted to prevent competition with the state insurance fund by insurance companies engaged in the business of furnishing private insurance to indemnify or insure employers against loss or liability for the payment of workmen's compensation. But the language quoted above is all-inclusive and in broadest terms declares any and all contracts undertaking to indemnify an employer against loss or liability for payment of workmen's compensation absolutely void. It might have been contended that the language was intended to bar indemnity contracts with respect to prospective losses or liability, but in *Truscon Steel Co.* v. *Trumbull Cliffs Furnace Co.*, 120 Ohio St., 394, 166 N. E., 368, the Supreme Court held in the first paragraph of the syllabus:

"An employer, whether self-insurer or otherwise, cannot recover from any source any sum to reimburse an amount paid under the Workmen's Compensation Law to injured employees, whether the injury results from the negligence of some third party, or otherwise."

In the *Truscon case, supra,* a self-insurer who had paid an award to its employee was denied recovery of such amount from a third party whose negligence caused the injury to such employee. In reaching its conclusion in the *Midvale case*, the court distinguished the *Truscon case* and limited the interpretation of the syllabus to the facts and question therein presented to the court, but it did not overrule or modify the decision. In the *Midvale case* the court also said "that Section [1465-101, General Code] will not prevent a

recovery for a breach of a contract which was *not in any manner an indemnifying or insuring agreement.*" (Italics supplied.) The import of this expression is carried in the first paragraph of the syllabus.

Appellees seek to circumvent the application of the statute by asserting that the indemnity agreement "is a contract whereby in consideration of an employer relinquishing his defenses to an action by a claimant under the compensation act, and consenting to a consent decree in favor of the claimant being entered, the claimant and counsel for the claimant agreed to indemnify and save harmless the employer from any and all awards or expenses that the employer might be forced to pay by reason of said consent decree being entered." In other words, it is an indemnity agreement incident to the settlement of a pending lawsuit. Nevertheless, the purpose and effect of the agreement was to indemnify an employer against loss for the payment of workmen's compensation.

On plaintiffs' appeal from that part of the judgment dismissing defendant Larrimer, the judgment is affirmed. On the appeals of defendants Hall and Rendinell, the judgment is reversed and final judgment entered for such defendants.

*Judgment accordingly.*

Conn and Deeds, JJ., concur.

Fess, Conn and Deeds, JJ., of the Sixth Appellate District, sitting by designation in the Fifth Appellate District.