OPINION
{¶ 1} Defendant-appellant, Taye Abate, appeals from a judgment of the Franklin County Court of Common Pleas denying his motion for attorney fees and expenses pursuant to R.C. 2323.51. Defendant assigns a single error:
 The Trial Court erred as a matter of law and committed an abuse of discretion when it failed to hold a hearing on Appellant's motion for fees under Section 2323.51, Ohio Revised Code when the motion on its face clearly met the legal standard of "arguable merit." *Page 2 
Because the trial court did not abuse its discretion in denying without a hearing defendant's motion for relief under R.C. 2323.51, we affirm.
I. Procedural History {¶ 2} Since the tangled procedural history of this case is seminal to the assignment of error defendant presents, we address the procedural history in some detail. On October 4, 2004, plaintiff filed a complaint against Peter Lewis (aka Shabaka Ture), Jo Ann Burroughs and defendant. According to the allegations of the complaint, plaintiff is a non-profit corporation trade association of independent taxicab owners and operators. In that capacity, plaintiff provides self-insurance programs for its taxicab drivers and collects dues and other fees on behalf of its members.
 {¶ 3} Plaintiff's complaint alleged defendants held various positions within plaintiff's organization, including officer, employee, director, or auditor. According to the complaint, defendants breached their fiduciary duty to plaintiff in failing to account for their receipts and disbursements on behalf of plaintiff and deprived plaintiff of its rightful interest in the financial activity arising out of plaintiff's operation. In addition to damages, plaintiff's complaint requested an equitable accounting. Within a month of filing its complaint, plaintiff filed a motion to compel discovery and a motion for sanctions against Burroughs.
 {¶ 4} Lewis filed a response to plaintiff's complaint and a motion for summary judgment; neither defendant nor Burroughs responded to the complaint. As a result, plaintiff filed motions for default judgment on February 18, 2005 against both defendant and Burroughs, as well as a show cause motion and motion for sanctions against *Page 3 
Burroughs. The same day the trial court granted default judgment against defendant and Burroughs, setting a damages hearing and an accounting hearing for April 29, 2005. Before the scheduled date for the damages hearing, defendant filed on March 10, 2005 a response to plaintiff's complaint and a motion for summary judgment.
 {¶ 5} Pursuant to the April 29, 2005 hearing, the trial court's magistrate issued a decision on June 3, 2005, finding defendant and Burroughs (1) failed to provide a proper accounting to plaintiff despite a duty to do so, and (2) breached his or her fiduciary duty to plaintiff. The magistrate determined that although defendant and Burroughs owed plaintiff $170,931, Burroughs owed plaintiff an additional $38,833.42. Nonetheless, in an effort to hear all relevant evidence, the magistrate scheduled the matter for another hearing on July 14, 2005, to allow defendant and Burroughs the opportunity to explain the issues and account for the discrepancies plaintiff identified in its complaint. On June 29, 2005, counsel entered an appearance for defendant; on July 1, 2005, the trial court adopted the magistrate's decision scheduling a hearing for July 14, 2005.
 {¶ 6} At the July 14, 2005 hearing, defendant not only testified, but requested that the default judgment against him be vacated. He followed his request with a motion filed August 9, 2005, seeking reconsideration of the default judgment and raising a statute of limitations defense. In response, plaintiff pointed out that defendant waived the affirmative defense by failing to assert it in the response he filed to plaintiff's complaint. On December 5, 2005, the trial court granted defendant's motion for reconsideration and vacated the default judgment because someone other than the appointed process server attempted to serve defendant. In the meantime, plaintiff dismissed without prejudice its claims against Lewis and filed a motion to terminate the case as to Burroughs only, *Page 4 
premised on the magistrate's decision that the trial court adopted. Accordingly, on February 7, 2006, the trial court entered a final judgment entry against Burroughs in the amount of $209,764.42, with interest and costs.
 {¶ 7} On April 25, 2006, defendant filed a second motion for summary judgment based on the statute of limitations. Defendant attached to his motion an answer to plaintiff's complaint, but the document bears no time stamp and the record contains no time-stamped original. Plaintiff responded initially with a memorandum contra defendant's summary judgment motion. In it, plaintiff urged the court to overrule defendant's motion with respect to the breach of fiduciary duty claim insofar as the claim addressed periods of time within four years of plaintiff's 2004 complaint. Plaintiff also pointed out that defendant's motion did not address plaintiff's claims for an equitable accounting. Plaintiff followed its memorandum contra with a motion for leave to file an amended complaint. On July 7, 2006, the court granted defendant's summary judgment motion on both of plaintiff's causes of action.
 {¶ 8} Within a week of the trial court's decision, plaintiff filed a motion to amend its complaint to include a (1) a breach of fiduciary duty claim limited to defendant's activities during the four years prior to plaintiff's October 2004 complaint, and (2) a breach of contract claim. Following defendant's memorandum contra, the trial court on August 25, 2006 granted plaintiff's motion to amend its complaint to include a claim for breach of contract, but held in abeyance plaintiff's claim for breach of fiduciary duty, scheduling a conference for the parties before determining that aspect of plaintiff's motion. *Page 5 
 {¶ 9} On October 17, 2006, the trial court allowed the breach of fiduciary duty claim in plaintiff's amended complaint. The court observed that the "proposed Amended Complaint does indicate that Defendant served as treasurer and provided accounting services until 2001." Noting it previously held a "breach of fiduciary duty is barred for conduct that occurred in 1996 when Defendant served as bookkeeper," the court held "Plaintiff has sufficiently pled that timely causes of action for breach of fiduciary duty do exist."
 {¶ 10} Defendant responded to plaintiff's amended complaint with an answer and a third motion for summary judgment, seeking judgment on plaintiff's breach of contract claim because the claim could not support an award of damages. Following plaintiff's memorandum contra, the trial court on June 29, 2007 granted summary judgment to defendant on plaintiff's breach of contract claim. The court concluded that whether or not the contract was breached, plaintiff was not entitled to damages under the terms of the contract. On July 3, 2007, plaintiff voluntarily dismissed all of its claims against defendant pursuant to Civ. R. 41(A)(1)(a).
 {¶ 11} On August 2, 2007, defendant filed a motion pursuant to R.C. 2323.51, seeking that the trial court award him fees and expenses due to plaintiff's allegedly frivolous conduct in suing defendant. On December 19, 2007, the trial court issued a decision and entry denying defendant's motion without a hearing. The court concluded plaintiff did not engage in frivolous conduct, as its claims were based on facts and were grounded in good faith. The court further observed defendant failed to submit evidence that plaintiff had ulterior motives in filing the complaint against him. Instead, the court *Page 6 
found persuasive plaintiff's contention that the action was filed to obtain a proper accounting after plaintiff discovered discrepancies through an independent audit.
II. Evidentiary Hearing {¶ 12} In his single assignment of error, defendant contends the trial court erred in denying his motion without first holding an evidentiary hearing. Pursuant to R.C. 2323.51(B)(1), a court may award court costs, reasonable attorney's fees, and other reasonable expenses incurred in connection with a civil action or appeal to any party to the civil action or appeal who was adversely affected by frivolous conduct. Frivolous conduct is defined as conduct that (1) obviously serves merely to harass or maliciously injure another party to the civil action or (2) is not warranted under existing law and cannot be supported by a good-faith argument for an extension, modification, or reversal of existing law. R.C. 2323.51(A)(2)(a).
 {¶ 13} No single standard of review applies in R.C. 2323.51 cases; the inquiry is one of mixed questions of law and fact. "A determination that conduct is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law requires a legal analysis." Stuller v. Price, Franklin App. No. 03AP-30, 2003-Ohio-6826, at ¶ 14, citing Wiltberger v. Davis (1996),110 Ohio App.3d 46. Purely legal questions are subject to de novo review. Stuller, supra. Review of a trial court's factual determinations, however, involves some degree of deference, and we will not disturb a trial court's findings of fact where the record contains competent, credible evidence to support such findings.Wiltberger, supra. Finally, "[w]here a trial court has found the existence of frivolous conduct, the decision to assess or not to assess a penalty lies within the sound discretion of the trial court."Stuller, at ¶ 14. *Page 7 
 {¶ 14} "R.C. 2323.51 does not require a trial court to conduct a hearing prior to denying a motion for attorney fees." Ohio Dept. of Adm.Serv. v. Robert P. Madison Internatl., Inc. (2000), 138 Ohio App.3d 388,399, appeal not allowed, 90 Ohio St.3d 1431, citing Tosi v. Jones
(1996), 115 Ohio App.3d 396, 401. Instead, the trial court "`must schedule a hearing only on those motions which demonstrate arguable merit. * * * Where a trial court determines that there is no basis for the imposition of sanctions, it may deny the motion without a hearing.'" Id., quoting Tosi, at 401. See, also, Justice v. Lutheran Social Serv.of Cent. Ohio (1992), 79 Ohio App.3d 439, 444 (stating that if the trial court determines no basis exists for the imposition of sanctions, it may deny the motion without a hearing, as R.C. 2323.51 does not require the trial court to conduct a hearing before denying a motion for an award of attorney fees, but necessitates a hearing only on those motions which demonstrate arguable merit); Sheridan v. Harbison (1995),101 Ohio App.3d 206, appeal not allowed, 72 Ohio St.3d 1551 (concluding that R.C. 2323.51[B][2], by its express terms, does not mandate an evidentiary hearing whenever a motion for fees is made, but requires an evidentiary hearing as a necessary precondition to awarding fees). "[A] trial court's decision to deny a hearing on a motion for sanctions will not be reversed absent an abuse of discretion." Ohio Dept. of Adm. Serv., at 399, citing Reyes v. McCabe (Mar. 31, 1997), Franklin App. No. 96APE05-690.
A. Statute of Limitations
 {¶ 15} Initially, defendant contends he was entitled to a hearing because the statute of limitations renders plaintiff's claims for breach of fiduciary duty frivolous. Defendant points out the trial court, in determining defendant's second summary judgment motion, applied what the parties do not dispute is the appropriate four-year *Page 8 
statute of limitations set forth in R.C. 2305.09 and concluded the statute of limitations barred the breach of fiduciary duty allegations of plaintiff's first complaint. See Hoeppner v. Jess Howard Elec.Co., 150 Ohio App.3d 216, 2002-Ohio-6167.
 {¶ 16} Defendant initially did not file a response to plaintiff's first complaint but suffered a default judgment against him. Only subsequent to the default judgment did defendant respond to plaintiff's complaint, yet asserted no affirmative defenses, including the statute of limitations. By failing to assert a statute of limitations affirmative defense, defendant waived it. State ex rel Jones v.Suster (1998), 84 Ohio St.3d 70, 75 (noting that a court with subject-matter jurisdiction may proceed if the statute of limitations affirmative defense is waived for failure to assert it). As a result, at the time defendant filed his first summary judgment motion, he had waived the statute of limitations defense through his failure to assert it in his initial response to plaintiff's complaint.
 {¶ 17} After the trial court vacated the default judgment against him, defendant filed a second summary judgment motion. Although defendant attached to his second summary judgment motion an exhibit purporting to be his answer to plaintiff's complaint, the answer, containing an affirmative defense related to the statute of limitations, does not bear a time stamp to indicate it was filed. By once again failing to file an answer asserting the statute of limitations defense, defendant waived the defense on which he premised his summary judgment motion. Because defendant waived the statute of limitations defense, plaintiff's continued action against defendant was not frivolous.
 {¶ 18} Relying on Estep v. Kasparian (1992), 79 Ohio App.3d 313, 316, defendant nonetheless contends this court held a complaint filed outside the statute of limitations is frivolous on its face. Contrary to defendant's contentions, this court did not address the *Page 9 
issue, because the parties in Estep did not challenge on appeal the trial court's decision that appellant engaged in frivolous conduct. "Rather, the narrow issue presented is appellants' contention that the trial court abused its discretion in failing to assess attorney fees against counsel for appellee." Id., at 315. Accordingly, we did not hold that a complaint filed outside the statute of limitations is per se frivolous. Indeed, such a holding would appear to contravene the waiver principle embodied in Suster.
 {¶ 19} Even if defendant did not waive the statute of limitations defense, the trial court granted plaintiff's motion to amend its complaint, allowing plaintiff to assert a breach of fiduciary duty claim addressing the four years immediately preceding plaintiff's original October 2004 complaint. When defendant filed his third summary judgment motion in response to plaintiff's amended complaint, defendant sought summary judgment only on the breach of contract claims added through the amended complaint; the motion did not address plaintiff's amended breach of fiduciary duty claim, much less assert a statute of limitations defense to it.
 {¶ 20} As a result, even though the trial court granted defendant's third summary judgment motion on the breach of contract claim, the amended breach of fiduciary duty claim remained extant. Plaintiff dismissed that claim against defendant without prejudice pursuant to Civ. R. 41(A)(1)(a), thus preserving for another time a determination of the merits of plaintiff's claim. Plaintiff explained its dismissal by stating it needed information from Burroughs before it could proceed with the claim against defendant; nothing in defendant's R.C. 2323.51
motion suggests to the contrary. The net result of the litigation is that plaintiff retains a breach of fiduciary duty claim on which the trial court did not grant summary judgment to defendant. Because the breach of fiduciary duty claim remains *Page 10 
vital, the trial court did not err in concluding, without an evidentiary hearing, that the claim is not frivolous.
B. Breach of Contract
 {¶ 21} Defendant undisputedly was granted summary judgment on plaintiff's breach of contract claim. In opposing defendant's motion for summary judgment, plaintiff argued the contract between plaintiff and defendant, a membership agreement, required compliance with plaintiff's bylaws. In turn, plaintiff noted, the bylaws mandated cooperation with plaintiff in all respects and provided for suspension, expulsion or prosecution as possible remedies for violations. The trial court rejected plaintiff's interpretation of the documents and concluded resignation was plaintiff's sole remedy.
 {¶ 22} R.C. 2323.51 does not purport to punish a party for failing on a claim. Rather, it addresses conduct that serves to harass or maliciously injure the opposing party in a civil action or is unwarranted under existing law and for which no good-faith argument for extension, modification, or reversal of existing law may be maintained. Here, the trial court did not conclude that no contract existed or that defendant did not breach the contract. Rather, the trial court disagreed with plaintiff's interpretation of the remedies provision. The documents, however, did not state plaintiff's sole remedy was defendant's resignation, and plaintiff's contention that plaintiff could pursue other remedies is not frivolous. Under such circumstances, the trial court did not abuse its discretion in concluding that the court's disagreement with plaintiff's remedy argument does not rise to the level of arguably frivolous conduct. *Page 11 
 {¶ 23} Because defendant's motion fails to demonstrate arguable merit, the trial court was not required to conduct a hearing before denying the motion. Accordingly, we overrule defendant's single assignment of error and affirm the judgment of the trial court.
Judgment affirmed.
 SADLER and TYACK, JJ., concur. *Page 1