IN RE APPEAL OF LITTLE PRINTING CO., INC.

[Cite as In re Little Printing Co. (1983), 4 Ohio St. 3d 214.]

(No. 82-782—Decided May 4, 1983.)

*McCulloch, Felger, Fite & Gutmann Co., L.P.A.*, and *Mr. Jack L. Neuenschwander,* for appellant.

*Mr. Anthony J. Celebrezze, Jr.,* attorney general, and *Mr. Paul C. Koscik,* for appellee.

WILLIAM B. BROWN, J. The issue presented in this case is whether appellant satisfied the requirements of R.C. 4141.28(E) in order to contest the employees' continued claims for benefits. Because this court finds that an eligibility notice, as described in R.C. 4141.28(E), need only be filed once when the facts concerning employee eligibility for benefits remain the same, this court holds that the $39,530 charge against appellant's account was inappropriate.

R.C. 4141.28 sets out the procedures to be followed in claiming unemployment benefits. A claimant must first file an application for determination of benefit rights under R.C. 4141.28(B) and (C). The bureau determines whether that application is valid and notifies both the employer and claimant of the determination. Next, the claimant files his first claim for benefits pursuant to R.C. 4141.28(D)(1). The bureau determines whether such claim shall be allowed or disallowed and sends notice to the claimant and employer. Any interested party may appeal this determination. If the initial decision is that the claimant is entitled to benefits, R.C. 4141.28(G)(3) requires those benefits be paid promptly, notwithstanding any further appeal.

R.C. 4141.01(F) distinguishes "additional claims" from "continued claims":

" 'Additional claim' means the first claim for benefits filed following any separation from employment during a benefit year; 'continued claim' means any claim other than the first claim for benefits and other than an additional claim." The central issue in the present matter revolves around appellant's ability to contest benefit payments for continued claims.

R.C. 4141.28(E) permits an employer of a claimant to file an eligibility notice contesting the right to receive benefits. However, there is an ambig-

uity in the statute as to whether the eligibility notice must be filed for every week in which continued benefits are claimed or only once when the facts concerning eligibility remain the same. R.C. 4141.28(E)(1) reads, in part: "Any * * * employer of a claimant who has knowledge of specific facts affecting such claimant's right *to receive benefits for any week* may notify the administrator in writing of such facts. * * *" (Emphasis added.) This language would seem to require a weekly filing. Yet subdivision (E)(3) reads: "The administrator on receipt of such eligibility notice shall determine whether such notice was timely filed and whether it contains specific facts which would affect the claimant's eligibility *for benefits for the week in question and for subsequent weeks to which the same eligibility issue applies.* * * *" (Emphasis added.) This language appears to require only one notice, so long as the reasons for contesting eligibility remain the same.

R.C. 1.49(E) allows the court to consider the consequences of a particular construction when a statute is ambiguous. In addition, statutes are to be construed so as to prevent ridiculous or absurd results. *State, ex rel. Haines,* v. *Rhodes* (1958), 168 Ohio St. 165 [5 O.O.2d 467], paragraph two of the syllabus. Appellant contested the granting of the claimants' first claims for benefits on the basis that they were not entitled to unemployment benefits since their unemployment was due to a labor dispute. The decision of the court below would have required appellant to give notice, specifying the same reason, twenty-five more times, in order to prevent the payment of continued claims from becoming final. Such a result is absurd, so absurd that appellee has even conceded that an eligibility notice can apply to any week or weeks so long as it is filed within or prior to the week in issue.

Moreover, a single filing fulfills the purpose of the eligibility notice when the facts giving rise to such notice remain constant. R.C. 4141.28(E) permits the employer to notify the bureau of specific facts affecting eligibility. Knowledge of these facts assists the bureau in making its determination, by having all relevant information. In those cases where the facts do not change, no further purpose is served by requiring an employer to inundate the bureau with paper work, by giving notice of the same reason numerous times. Such multiple filing would not further assist the bureau in its decision making. Therefore, this court holds that a single eligibility notice under R.C. 4141.28(E) is sufficient to permit an employer to contest future payments of continued claims so long as it is timely filed and the facts giving rise to such eligibility notice remain identical.

The only remaining question is whether appellant ever filed an eligibility notice. Appellee contends that no notice was ever filed. Appellant maintains that its requests for reconsideration, in response to the initial benefit determinations, the first claims for benefits, constituted an eligibility notice. This court agrees.

According to R.C. 4141.28(E)(1) an eligibility notice is merely a written notification to the bureau by an employer setting forth specific facts affecting a claimant's right to receive benefits. While the bureau may prescribe a

form to be used, "failure to use the prescribed form shall not preclude the administrator's examination of any notice." R.C. 4141.28(E)(1). In the present case, appellant filed requests for reconsideration of the initial determination that the claimants were entitled to their first claims for benefits. These requests were filed with the bureau. In these requests, appellant described the facts of the strike. The requests concluded by stating that the claimants' unemployment was due to a labor dispute and that claimants voluntarily elected to cease working. This information satisfied the factual requirements of an eligibility notice. Consequently, appellant's filing of the requests for reconsideration satisfied the requirements of R.C. 4141.28(E) and was sufficient to allow it to contest the employees' continued claims for benefits.

Accordingly, the payment of benefits for all weeks after the first claim, in the amount of $39,530, was improperly charged to appellant's account and incorrectly used in calculating its 1979 contribution rate.

For the foregoing reasons, the judgment of the court of appeals is reversed.

*Judgment reversed.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES, C. BROWN and J. P. CELEBREZZE, JJ., concur.