**JUSTICE, Appellee and Cross–Appellant,**

v.

**LUTHERAN SOCIAL SERVICES OF CENTRAL
OHIO et al., Appellants and Cross–Appellees;**

**Milless et al., Appellees.**

[Cite as *Justice v. Lutheran Social Serv. of Cent. Ohio* (1992), 79 Ohio App.3d 439.]

Court of Appeals of Ohio,
Franklin County.

Nos. 91AP–1198, 91AP–1215.

Decided April 30, 1992.

440

*Eunice Justice, pro se.*

*Timothy P. McCarthy,* for appellants and cross-appellees Lutheran Social Services of Central Ohio, Nelson Meyer, Salvatore Piazza, Celeste White, Sang Khuong and Nancy Cooper.

*Climaco, Seminatore, Delligatti & Hollenbaugh* and *Charles K. Milless,* for appellees Charles K. Milless and Delligatti, Hollenbaugh, Briscoe & Milless.

---

PETREE, Judge.

These consolidated appeals arise from a civil action filed by plaintiff, Eunice Justice, against defendants, Lutheran Social Services of Central Ohio and the law firm of Delligatti, Hollenbaugh, Briscoe & Milless. Following a judgment in defendants' favor, plaintiff moved for relief from judgment pursuant to Civ.R. 60(B) and defendant Lutheran Social Services moved for an award of reasonable attorney fees, pursuant to R.C. 2323.51. In separate journal entries, both motions were overruled by the trial court. In case No. 91AP–1215, plaintiff appeals from the decision overruling her motion for relief from judgment, and in case No. 91AP–1198, defendant Lutheran Social Services appeals from the decision overruling its motion for attorney fees. For the following reasons, we affirm the judgment in case No. 91AP–1215 and reverse the judgment in case No. 91AP–1198.

This appeal is but the latest chapter in a lawsuit originally filed in 1988 by plaintiff's daughter, Deborah K. Hurley. The suit was first brought in the United States District Court for the Southern District of Ohio after defendants removed three foster children from Hurley's home. That action was ultimately terminated in defendants' favor on a motion for summary judg-

ment. An identical action was also filed in the Franklin County Court of Common Pleas. That case was voluntarily dismissed several days after the termination of the federal case. This action was filed on July 7, 1989, naming the same defendants as those named in the previous actions, as well as the law firm representing those defendants. Though styled as an action for libel, slander and malicious prosecution, plaintiff's complaint merely attempts to relitigate those issues previously determined in defendants' favor by construing defendants' conduct in the prior litigation as libel and slander. Otherwise, the only material difference between this action and the previous litigation is the substitution of plaintiff's name in the complaint for that of her daughter.

The parties engaged in substantial discovery over a period of two years, after which defendants moved for summary judgment. The court referred the motion to a referee. In her report, the referee carefully considered the evidence offered by plaintiff and concluded that there was no factual basis for any of plaintiff's claims. The referee's report and recommendation were adopted by the trial court and judgment was entered for defendants on July 22, 1991. Plaintiff did not appeal from this judgment within the thirty days allowed by App.R. 4(A). Instead, plaintiff filed a motion for relief from judgment pursuant to Civ.R. 60(B). In that motion, plaintiff alleged that the referee assigned to the case conspired with defendants and fraudulently misrepresented the evidence in her report. The motion was overruled by the trial court and plaintiff filed this appeal, asserting three assignments of error:

"I. The court erred in that plaintiff was denied equal protection of the law.

"II. The court erred in that plaintiff was denied due process of law.

"III. The court erred in granting the decision under the influence of passion, confusion and prejudice."

Plaintiff's assignments of error are interrelated and they will be considered together. For the most part, plaintiff merely reiterates arguments which concern the merits of the case and which could have been raised on appeal. Relief under Civ.R. 60(B) is not available as a substitute for appeal. *Blasco v. Mislik* (1982), 69 Ohio St.2d 684, 686, 23 O.O.3d 551, 552, 433 N.E.2d 612, 614. To prevail on a motion for relief from judgment, the movant must demonstrate that he or she is entitled to relief under one of the five grounds enumerated in Civ.R. 60(B)(1) through (5). *GTE Automatic Elec., Inc. v. ARC Industries, Inc.* (1976), 47 Ohio St.2d 146, 1 O.O.3d 86, 351 N.E.2d 113, paragraph two of the syllabus. Where the movant fails to assert operative

facts which would warrant relief under the rule, the motion may be denied by the trial court without a hearing. *U.A.P. Columbus JV 326132 v. Plum* (1986), 27 Ohio App.3d 293, 27 OBR 338, 500 N.E.2d 924. Plaintiff has asserted no facts which support her allegations of fraud and conspiracy. Lacking any basis in fact, plaintiff's claims of fraud are nothing more than unsubstantiated attacks upon the character and judgment of the referee assigned to this case. Allegations of this sort have no place in a court of law and they certainly do not warrant relief from judgment under Civ.R. 60(B). As plaintiff has failed to set forth any facts which would entitle her to relief under Civ.R. 60(B), the trial court did not err in overruling the motion without a hearing.

Plaintiff's assignments of error are not well taken.

The second appeal, case No. 91AP–1198, concerns a motion for an award of reasonable attorney fees filed by defendant Lutheran Social Services. The motion was filed on August 9, 1991, eighteen days after the trial court's ruling on the motion for summary judgment. On September 19, 1991, the trial court denied the motion. The court ruled that under R.C. 2323.51, a hearing must be held, a finding made and an entry filed within twenty-one days of the judgment. As more than twenty-one days had passed since the original judgment, the trial court apparently felt that it had no authority to award attorney fees under the statute. From this judgment, Lutheran Social Services brought this appeal, asserting two assignments of error:

"I. The court misconstrued the provisions of Ohio Revised Code Section 2323.51 by requiring that a hearing on the issue of awardance [*sic*] of attorneys fees must be had within 21 days after the entry of judgment.

"II. The trial court erred in failing to set a hearing for the awardance [*sic*] of attorneys fees within 21 days after the entry of judgment."

In its first assignment of error, Lutheran Social Services contends that the trial court erroneously held that a hearing on a motion for attorney fees under R.C. 2323.51 must be held, if at all, within twenty-one days after the entry of judgment.

■ R.C. 2323.51(B)(1) provides that "at any time prior to the commencement of the trial in a civil action or within twenty-one days after the entry of judgment in a civil action, the court may award reasonable attorney fees to any party to that action adversely affected by frivolous conduct." The trial court construed this section as a limitation upon its power to award attorney fees under the statute. We think this is an overly restrictive interpretation of

the statute. There is no indication that the General Assembly intended the twenty-one-day period to be a jurisdictional limitation on the trial court's power to award attorney fees. Furthermore, in these days of crowded courts and congested dockets, it is unreasonable to expect a trial court to hold a hearing and rule on a motion for attorney fees within twenty-one days of receiving the motion. While prompt rulings on motions are always desirable, we do not think the legislature intended that motions for attorney fees should be placed ahead of other more pressing matters on the court's docket.

■ When construing statutory language, we must avoid ridiculous or absurd results. *In re Little Printing Co.* (1983), 4 Ohio St.3d 214, 216, 4 OBR 531, 533, 448 N.E.2d 152, 154. With this rule in mind, we construe R.C. 2323.51(B)(1) as requiring that only the motion for an award of reasonable attorney fees must be filed within twenty-one days after the judgment. Once a motion has been filed within the twenty-one-day period, the court may schedule a hearing and rule on the motion after the twenty-one-day period has passed. As the motion was filed within twenty-one days after the judgment, it was properly before the court under R.C. 2323.51.

Lutheran Social Services' first assignment of error is well taken.

In the second assignment of error, Lutheran Social Services contends that the trial court erroneously failed to schedule and hold a hearing on the motion for attorney fees.

■ R.C. 2323.51 does not require the trial court to conduct a hearing before denying a motion for an award of reasonable attorney fees. The court must schedule a hearing only on those motions which demonstrate arguable merit. Where the trial court determines that there is no basis for the imposition of sanctions, it may deny the motion without a hearing. *CM Newspapers, Inc. v. Clovis Dawson* (Jan. 28, 1992), Franklin App. No. 91AP-1067, unreported, 1992 WL 15257. As the trial court's journal entry indicates that it never reached the merits of Lutheran Social Services' motion, it did not err by failing to schedule a hearing on the motion. On remand, the trial court should examine the motion to determine whether it warrants an evidentiary hearing.

Lutheran Social Services' second assignment of error is not well taken.

In case No. 91AP-1215, plaintiff's assignments of error are overruled and the judgment of the trial court is affirmed. In case No. 91AP-1198, the first assignment of error is sustained and the second assignment of error is overruled. The judgment of the trial court is reversed and the cause is

remanded for further proceedings consistent with this decision and in accordance with law.

*Judgment affirmed in case*
*No. 91AP–1215; judgment*
*reversed and cause remanded*
*in case No. 91AP–1198.*

DESHLER and STRAUSBAUGH, JJ., concur.

DEAN STRAUSBAUGH, J., retired, of the Tenth Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.