JOURNAL ENTRY AND OPINION
Plaintiff Samuel Buoscio appeals from the judgment of the trial court which denied his motion for relief from judgment. For the reasons set forth below, we affirm.
On November 4, 1997, plaintiff filed a pro se complaint for legal malpractice against defendant Charles W. Kinkopf in connection with a fee which defendant charged plaintiff for locating a previously executed power of attorney. Plaintiff subsequently amended his complaint to assert additional claims of breach of contract and fraud. On September 1, 1998, the trial court entered judgment for defendant.
On January 7, 1999, plaintiff filed a motion for relief from judgment in which he asserted the trial court erred in requiring the parties to obtain leave of court before filing motions for summary judgment, in awarding defendant summary judgment and in refusing to issue findings of fact and conclusions of law. The trial court denied plaintiff's motion for relief from judgment and he now appeals and assigns the following error for our review.
Plaintiff's assignment of error states:
 THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION IN DENYING APPELLANT'S MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO OHIO CIVIL RULE OF PROCEDURE, RULE 60(B) IN VIOLATION OF AMENDMENTS FIVE AND FOURTEEN TO THE UNITED STATES CONSTITUTION AND ARTICLE ONE, SECTIONS TWO AND SIXTEEN OF THE OHIO CONSTITUTION.
Within this assignment of error, plaintiff asserts that the order of the trial court which granted summary judgment to defendant was premature and contrary to law.
Civ.R. 60(B) governs motions for relief from judgment and provides in part:
 On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceedings for the following reasons:
 (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; * * * (5) any other reason justifying relief from judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken.
The Ohio Supreme Court has summarized the requirements necessary to warrant relief from judgment pursuant to Civ.R. 60(B) as follows:
 To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion was made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after judgment, order or proceeding was entered and taken.
GTE Automatic Electric v. ARC Industries (1976), 47 Ohio St.2d 146
syllabus at paragraph two.
In addition, a motion for relief from judgment pursuant to Civ.R. 60(B) may not be used as a substitute for a timely appeal.Doe v. Trumbull County Children Services Board (1986), 28 Ohio St.3d 128;National Amusements, Inc. v. Springdale (1990), 53 Ohio St.3d 60,63; Justice v. Lutheran Social Service of Central Ohio
(1992), 79 Ohio App.3d 439, 442. Thus, when a party merely reiterates arguments which concern the merits of the case and which could have been raised on appeal, relief under Civ.R. 60(B) is not available as a substitute for appeal. Wozniak v. Tonidandel
(1997), 121 Ohio App.3d 221, 228; Beechler v. Beechler (1994),95 Ohio App.3d 121, 125.
In this instance, the motion for relief from judgment and the supporting evidentiary materials focused upon the trial court's order directing the parties to obtain leave of court before filing motions for summary judgment, the trial court's refusal to issue findings of fact and conclusions of law, and upon the correctness of the trial court's ruling. The motion was therefore improperly filed as a substitute for an appeal and the trial court correctly denied it. The assignment of error is without merit and is overruled. Affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
CORRIGAN, J., AND PORTER, J., CONCUR.
 _______________________________ ANN DYKE, ADMINISTRATIVE JUDGE