OPINION
Plaintiff-appellant Linda Castrataro appeals from the November 13, 2001, Judgment Entry of the Delaware County Court of Common Pleas granting defendant-appellee Kenneth Urban's Motion for Attorney Fees Under R.C. 2323.15 for Frivolous Conduct.
 STATEMENT OF THE FACTS AND CASE
On March 13, 2001, appellant filed a complaint against appellee, a physician, in the Franklin County Court of Common Pleas (Case No. 01CVA03-2391). Appellant, in her complaint, specifically alleged that she sought medical care from appellee in May of 1995 and that appellee was negligent in failing to properly diagnosis and treat her for Epstein-Barr virus "on or about June 9, 1995," and in failing to disclose test results to appellant. According to appellant, such test results "showed positive for Epstein-Barr virus." Appellant further alleged in her complaint that appellee did not meet the standard of care due her. In short, appellant alleged a cause of action for medical malpractice against appellee.
Thereafter, appellant, on May 11, 2001, filed a complaint in the casesub judice against appellee in the Delaware County Court of Common Pleas (Case No. 01-CVA-05-243). Appellant, in such complaint, alleged that she was a patient of appellee's from May through September of 1995, that appellee failed to fulfill his obligations to appellant as a patient or client, and that appellee refused to treat appellant after she became ill. In her complaint, appellant specifically sought damages for breach of contract.
After filing an answer to appellant's Delaware complaint on June 8, 2001, appellee, through counsel, sent a letter dated June 22, 2001, to appellant which stated, in relevant part, as follows:
 With regard to the Delaware County action, please accept this letter as our request that you dismiss the claims you have brought in that case. Although you attempt to couch that action as a "breach of contract action," it is apparent the claims which you purportedly raise in the Delaware County action arise out of the same actions which are the subject of the Franklin County case. As such, you are attempting to impermissibly split whatever your purported causes of action are of arising from Dr. Urban's treatment of you. See Rush v. Maple Heights (1958), 167 Ohio St. 221. Additionally, even if Judge Shaw were to determine you have not impermissibly split your cause of action, since you first filed your case in Franklin County and obtained service upon Dr. Urban in the Franklin County case, Franklin County has jurisdictional priority and the Delaware Court has no jurisdiction to entertain a case between the same parties involved in the same "whole issue." See Knowlton Co. v. Knowlton (1992), 63 Ohio St.3d 677. If you have not dismissed your claim by July 6, 2001, Dr. Urban will seek to dismiss your claim and will seek all costs he has incurred in defending the Delaware County action.
Because appellant did not dismiss her complaint, appellee, on September 6, 2001, filed a Motion for Summary Judgment or, in the Alternative, to Transfer in the Delaware County Court of Common Pleas. In his motion, appellee argued that appellant's complaint in the Delaware County Court should be dismissed since, (1) although framed as a breach of contract action, appellant's case in the Delaware County Court of Common Pleas constituted a medical malpractice action under Ohio law, (2) both the Franklin County and Delaware County actions arose out of appellee's treatment of appellee during the same period of time, and (3) appellant could not split her cause of action for medical malpractice into two separate actions in two separate courts. In the alternative, appellee argued that since the Franklin County Court of Common Plea had jurisdictional priority, the trial court should transfer the Delaware action to Franklin County. Appellant did not file a response to appellee's motion.
While appellee's Motion for Summary Judgment or, in the Alternative, to Transfer was pending, appellant, in September of 2001, filed a complaint against Capital Primary Care in the United States District Court for the Southern District of Ohio, Eastern Division (Case No. 2-01-911). In her federal complaint, appellant alleged that appellee, an employee of Capital Primary Care, failed to provide appropriate medical treatment to her on May 12, 1995. Since the complaint did not plead any federal cause of action, the Magistrate, in his September 19, 2001, Initial Screening Report and Recommendation, recommended that appellant's federal action be dismissed for lack of jurisdiction.
Subsequently, as memorialized in an entry filed on October 8, 2001, the Delaware County Court of Common Pleas granted appellee's Motion for Summary Judgment and ordered that appellant's complaint be dismissed without prejudice. Two weeks later, on October 22, 2001, appellee filed a Motion for Attorney Fees Under R.C. 2323.51 for Frivolous Conduct, seeking attorney fees incurred as a result of defending the Delaware County action. Pursuant to a Judgment Entry filed on October 23, 2001, which was mailed to appellant at the address listed on her complaint, the trial court scheduled an evidentiary hearing for November 8, 2001, "to determine whether particular conduct was frivolous, whether any party was adversely affected by it; and to determine, if an award is to be made, the amount of that award". Appellee, on October 26, 2001, filed a motion requesting a continuance of the evidentiary hearing. A copy of both appellee's motion for a continuance and of the October 29, 2001, Judgment Entry rescheduling the hearing to November 9, 2001, were mailed to appellant via the address listed on her complaint.
Thereafter, an evidentiary hearing was held before the trial court on November 9, 2001. Appellant failed to appear at the same. As memorialized in a Judgment Entry filed on November 13, 2001, in the Delaware County Court of Common Pleas, the trial court granted appellee's Motion for Attorney Fees Under R.C. 2323.51 for Frivolous Conduct and held that appellee was entitled to recover from appellant attorney fees in the amount of $6,535.50.
It is from the trial court's November 13, 2001, Judgment Entry that appellant now appeals, raising the following assignments of error:
 THE TRIAL COURT ERRED IN ALLOWING DEFENDANT'S MOTION FOR ATTORNEY FEES TO BE HEARD AFTER SUMMARY JUDGMENT HAD BEEN GRANTED IN FAVOR OF DEFENDANT.
 THE TRIAL COURT ERRED BY NOT SUFFICIENTLY NOTIFYING PLAINTIFF OF THE RESCHEDULING OF DEFENDANT'S MOTION FOR ATTORNEY'S FEES.
 THE TRIAL COURT ERRED IN FINDING PLAINTIFF'S CONDUCT TO BE FRIVOLOUS.
 THE TRIAL COURT ERRED IN FINDING PLAINTIFF'S COMPLAINT TO NOT BE WITHIN STATUATORY [SIC] LIMITS FOR BREACH OF CONTRACT FOR THE STATE OF OHIO AND TO NOT BE WARRANTED UNDER EXISTING LAW.
 THE TRIAL COURT ERRED IN ALLOWING A HEARING ON DEFENDANT'S MOTION FOR FRIVOLOUS CONDUCT AND AN AWARD OF ATTORNEY FEES.
 I
Appellant, in her first assignment of error, argues that the trial court erred in considering appellee's Motion for Attorney's Fees pursuant to R.C. 2323.51 after summary judgment had been granted in favor of appellee. Appellant further contends that the trial court "went against the 21 day deadline for allowing a hearing on frivolous conduct after an entry on judgment on a civil action."
R.C. 2323.51 (B) (1) permits a trial court to award attorney fees in a civil action at any time prior to the commencement of trial or within 21days after the entry of judgment. The trial court, therefore, did not err in considering appellee's Motion for Attorney's Fees pursuant to R.C.2323.51 after summary judgment had been granted in favor of appellee since the entry granting appellee's Motion for Summary Judgment was the "entry of judgment." Appellant asks us to construe the language in R.C. 2323.51(B)(1) to mean that the trial court may not enter an award of attorney fees more than 21 days after the entry dismissing his complaint. The Franklin County Court of Appeals viewed such a claim inJustice v. Lutheran Social Services of Central Ohio (1992),79 Ohio App.3d 439. In such case, the Franklin County Court of Appeals held that R.C. § 2323.51 (B)(1) requires motions for attorney fees to be filed within 21 days of the entry of judgment, not the actual judgment entry awarding the fees. See also Manogg v. Spangler (March 16, 1995), Licking App. No. 94-CA-82, unreported.
In the case sub judice, the trial court's entry granting appellee's Motion for Summary Judgment and dismissing appellant's complaint was filed on October 8, 2001. On October 22, 2001, which is fourteen days later, appellee filed his motion requesting attorney fees pursuant to R.C. 2323.51. Accordingly, since the motion for attorney fees was filed within 21 days after the entry of judgment, the trial court did not err in holding an evidentiary hearing on appellee's motion for attorney fees on November 9, 2001.
Appellant's first assignment of error is, therefore, overruled.
 II
Appellant, in her second assignment of error, maintains that the trial court erred in failing to sufficiently notify her of the rescheduling of the hearing on appellee's motion seeking attorney fees. According to appellant, the trial court "did not allow plaintiff sufficient time to be notified of the date of the hearing for attorney's fees and this was prejudicial to plaintiff."
As is stated above, the evidentiary hearing on appellee's motion for attorney fees was originally scheduled for November 8, 2001. On October 26, 2001, appellee filed a motion requesting a continuance of such hearing due to a conflict. A copy of appellee's motion for a continuance was mailed to appellant at the address listed on her complaint on or about October 25, 2001. As memorialized in a Judgment Entry filed on October 29, 2001, which was mailed to appellant at the same address, the hearing was rescheduled to November 9, 2001.
Civ.R. 6(D) states, in relevant part, as follows:
 A written motion, other than one which may be heard ex parte, and notice of the hearing thereof shall be served not later than seven days before the time fixed for the hearing, unless a different period is fixed by these rules or by order of the court. Such an order may for cause shown be made on ex parte application.
Pursuant to such rule, the court, by court order, may set a time period of less than seven days for the hearing. In Re Foreclosure of Liens forDelinquent Taxes (1992), 79 Ohio App.3d 766, 771 "However, a party is entitled to sufficient notice and time to prepare for the hearing in order to avoid undue prejudice." Id.
Appellant, in the case sub judice, does not argue that she did not receive notice of the November 9, 2001, hearing. While appellant, in her brief, does argue that she did not receive notice of the new evidentiary hearing date until "after October 29, 2001, the date of [sic] which the notice was sent out in the mail", there is no indication in the record or in appellant's brief as to exactly when appellant did receive such notice. In short, we concur with appellee that appellant has not established when she received notice of the November 9, 2001 hearing. Without such information, we are unable to determine whether appellee's argument has merit. Furthermore, assuming arguendo, that the trial court failed to comply with the notice requirements of Civ.R.6(B), we find that appellant has failed to demonstrate that she was prejudiced by such failure. See Armco, Inc. v. United Steelworkers of America, AFL-CIO-CLC
(Dec. 22, 2000), Richland App. No. 00-CA-39, unreported.
Appellant's second assignment of error is, therefore, overruled.
 III, IV
Appellant, in her third and fourth assignments of error, challenges the trial court's finding that appellant engaged in frivolous conduct.
The trial court, in its November 13, 2001, Judgment Entry, held that appellant had engaged in frivolous conduct as such term is defined in R.C. 2323.51(A)(2)(a)(i) and (ii). R.C. 2323.51 states, in relevant part, as follows:
(2) "Frivolous conduct" means either of the following:
 (a) Conduct of an inmate or other party to a civil action, of an inmate who has filed an appeal of the type described in division (A)(1)(b) of this section, or of the inmate's or other party's counsel of record that satisfies either of the following:
 (i) It obviously serves merely to harass or maliciously injure another party to the civil action or appeal.
 (ii) It is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law.
An award of attorneys fees pursuant to R.C. 2323.51 is discretionary.Shaffer v. Mease (1991), 66 Ohio App.3d 400, 407. As such, a court's decision regarding imposition of sanctions for a violation of R.C. 2323.51
is not reversible absent an abuse of discretion. Id. Abuse of discretion requires more than simply an error of law or judgment, implying instead that the court's attitude is unreasonable, arbitrary or unconscionable. Tracy v. Merrell-Dow Pharmaceuticals, Inc. (1991),58 Ohio St.3d 147, 152.
Upon our review of the record, we find that the trial court did not abuse its discretion in holding that appellant had engaged in frivolous conduct under R.C. 2323.51(A)(2)(a)(i) and (ii) since such decision was not arbitrary, unconscionable or unreasonable. While appellant, in her brief, argues that appellant's action "was not meant to harass or maliciously injure another party" and was warranted under existing law, we find that appellant's argument lacks merit. Both in his Motion for Attorney Fees and at the evidentiary hearing in this matter, appellee produced evidence that appellant's Delaware complaint was not warranted under existing law. Specifically, appellee produced evidence that appellant's complaint for breach of contract was actually a medical malpractice claim against appellee, that appellee previously had filed a medical malpractice complaint against appellee based on the same set of facts and that appellant impermissibly split her sole cause of action against appellee. Under Ohio law, a patient cannot bring an action against a physician for breach of contract on grounds that the physician negligently performed the contract to provide medical services. Whether the alleged professional misconduct is based on tort or contract, the claim is still for malpractice. See Klema v. St. Elizabeth's Hosp. (1960), 170 Ohio St. 519, and Robb v. Community Mut. Ins. Co., (1989),63 Ohio App.3d 803, 805.
Appellee also presented evidence that appellant filed other actions in both state and federal court all based on the same set of facts as set forth in the Delaware complaint. The following is an excerpt from the evidentiary hearing in this case:
 Have you [appellee's counsel] tried any cases while you've been at Porter Wright?
 A. Yes. I have tried at least two or three jury trials, and approximately seven or eight bench trials in that time.
 Q. Are you familiar with the facts and circumstances of the case that Ms. Castrataro filed against Dr. Urban and this case?
A. Yes, I am.
Q. How so?
 A. In fact she served me as Dr. Urban's attorney in this case. I was familiar with a variety of other actions she filed against Dr. Urban in other courts.
Q. Do you recall how many other actions she filed?
 A. She filed the original case in Franklin County, that was after the appeal was dismissed. She refiled in Franklin County and also attempted to remove this case to Federal Court. She then refiled a Franklin County case, filed this case and since filed a case in Federal Court.
 Q. The cases that she filed did these arise out of a different set of facts or same set of facts?
 A. All cases derived from Dr. Urban's treatment of Ms. Castrataro, for a very short period of time.
Transcript at 5-6. As is set forth above in the statement of facts, after appellant filed the case sub judice in Delaware Court, appellee's counsel sent appellant a letter asking her to dismiss the Delaware action since "[a]lthough you attempt to couch that action as a "breach of contract action," it is apparent the claims which you purportedly raise in the Delaware County action arise out of the same actions which are the subject of the Franklin County case." The letter further advised appellant that appellee would seek all costs incurred in defending the Delaware County action if she did not dismiss the same. However, not only did appellant fail to dismiss the action, but she also failed to respond to appellee's subsequent motion for summary judgment and appellee's later motion seeking attorney's fees. As noted by the trial court in its November 13, 2001, entry,
 . . . With respect to the instant case, upon filing her Complaint, Plaintiff altogether disappeared. Plaintiff filed no dispositive motion or motions, failed to respond to Defendant's Motion For Summary Judgment, and failed to appear at the instant Hearing. Undoubtedly, this Court will spend as much time preparing this Judgment Entry as Plaintiff spent prosecuting this case. Obviously, the instant litigation served only to harass the Defendant. Additionally, it appears Defendant warned the Plaintiff both formally — through Defendant's Motion For Summary Judgment — and informally — by way of a letter dated June 22, 2001 — of the danger of pursuing similar causes of action in two different jurisdictions. Defendant's entreaties evidently fell on deaf ears in light of the fact that Plaintiff wholly failed to present to this Court a legal or factual argument to counter Defendant's contentions.
Based on the foregoing, we find that the trial court did not abuse its discretion in holding that appellant engaged in frivolous conduct under R.C. 2323.51(A)(2)(a)(i) and (ii). The trial court's decision was not arbitrary, unconscionable or unreasonable.
Appellant's third and fourth assignments of error are, therefore, overruled.
 V
In her fifth assignment of error, appellant asserts that the trial court erred in allowing a hearing on appellee's Motion for Attorney's Fees. Appellant specifically contends that (1) if the trial court felt appellant's complaint had no basis in law and was merely to harass, it would have thrown out the case at the outset of the filing, and (2) appellee failed to produce any evidence in support of its Motion for Attorney Fees so as to justify a hearing.
While, as is stated above, appellant argues that, if her complaint truly had no merit and was merely to harass, the trial court "would have thrown out the case at the onset of the filing and would not have scheduled a pretrial hearing on the case", there is no legal support for appellant's argument. In addition, at the time appellant filed her complaint, the trial court was likely unaware of the other cases, both state and federal, that appellant previously had filed against appellee. Moreover, with regard to appellant's remaining argument, a trial court must schedule a hearing on a motion requesting attorney's fees only on those motions which demonstrate arguable merit. See Justice, supra. at 444. Thus, it is not necessary that appellee prove frivolous conduct before a hearing is scheduled. Since the Motion for Attorney Fees filed by appellee demonstrated arguable merit, we find that the trial court was required to hold a hearing on the same.
Appellant's fifth assignment of error is, therefore, overruled.
Accordingly, the judgment of the Delaware County Court of Common Pleas is affirmed.
By EDWARDS, J. HOFFMAN, P.J. and BOGGINS, J. concur
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Delaware County Court of Common Pleas is affirmed. Costs to appellant.