OPINION
{¶ 1} Plaintiff-appellant, Kenneth J. Wilson, brings this appeal from a January 28, 2002 entry of the Marion County Common Pleas Court, which dismissed his action against Defendant-Appellee, David L. Johnston, for a perceived failure to comply with R.C. 2969.25(A) and (C), and a March 13, 2002 entry denying his 60(B) motion for relief from judgment. Because Wilson failed to timely appeal the January 28, 2002 dismissal and cannot employ a Civ.R. 60(B) motion to present issues that could have been raised on a direct appeal, we affirm the judgment of the trial court.
 {¶ 2} Facts and procedural history relevant to issues raised on appeal are as follows: On October 11, 2001, Wilson, an inmate at the Marion County Correctional Institution in Marion, Ohio, filed a complaint in the Marion County Common Pleas Court against Johnston, a fellow inmate, arising from an incident in which he claimed Johnston took his cane and jabbed it into the right side of his back. Johnston responded to the complaint denying all allegations contained therein, asserting various defenses, and moving to dismiss the complaint for failure to state claims upon which relief could be granted.
 {¶ 3} On January 28, 2002, the trial court dismissed the action, citing a failure to comply with R.C. 2969.25(A) and (C), which requires an inmate who commences a civil action or appeal against a government entity or employee to file an affidavit with the court containing a description of each civil action or appeal that the inmate has filed in any state or federal court in the previous five years and, if the complainant seeks a waiver of prepayment of filing fees, an affidavit of indigency. On February 6, 2002, Wilson moved the court for relief from judgment pursuant to Civ.R. 60(B)(5), for the reason that he was not suing a government entity or employee. On March 13, 2002, the trial court denied the motion, stating that Civ.R. 60(B) cannot be used as a substitute for a direct appeal. On April 12, 2002, Wilson filed his notice of appeal from both the January 28, 2002 dismissal of his action and the March 13, 2002 denial of relief from judgment.
 {¶ 4} Wilson presents two assignments of error for our consideration. For his first assignment of error, he argues that "[t]he trial court erred to the prejudice of Appellant when it applied O.R.C. Section 2969.25(A) and (B) [sic] to a non-employee civil mater. The Appellee is another inmate, just like Appellant."
 {¶ 5} App.R. 4(A) provides: "A party shall file the notice of appeal required by App.R. 3 within thirty days of the later of entry of the judgment or order appealed or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three day period in Rule 58(B) of the Ohio Rules of Civil Procedure." Wilson had the opportunity to appeal the trial court's decision dismissing his action. However, he failed to timely perfect an appeal after the trial court entered judgment and instead challenged the default judgment in a Civ.R. 60(B) motion. Wilson cannot extend the strict time limits of App.R. 4(A) by filing a Civ.R. 60(B) motion.[1] Although Wilson filed his April 12, 2002 notice of appeal within thirty days of the March 13, 2002 denial of his Civ.R. 60(B) motion, the thirty-day period within which he could appeal the January 28, 2002 dismissal had long passed.
 {¶ 6} Moreover, as the trial court held, Wilson's Civ.R. 60(B) motion cannot be used as a substitute for a timely appeal.[2] Civ.R. 60(B) provides a means for collateral relief from judgment when "the interests of justice demand the setting aside of a judgment normally accorded finality."[3] A motion seeking relief from judgment of the trial court, that is premised on law and facts that were available to the trial court at the time it made its decision, is the functional equivalent of a motion to reconsider a final, appealable judgment.[4]
The Ohio Rules of Civil Procedure do not provide a procedure for reconsideration by a trial court of its final judgment;[5] therefore, any judgment entered in response to such a motion is a nullity.[6]
Accordingly, availability of relief pursuant to Civ.R. 60(B) is generally limited to those issues that cannot be properly raised upon appeal.[7]
"The principle of finality requires that, so long as the order is not void, even an erroneous ruling must be given binding effect among the parties once the time for appeal has passed."[8]
 {¶ 7} An appellate court must affirm a trial court's denial of a Civ.R. 60(B) motion for relief from judgment absent an abuse of discretion.[9] When a Civ.R. 60(B) motion is premised upon issues that could have been raised on a direct appeal, a trial court does not abuse its discretion in overruling the motion.[10] Because Wilson's claims concerning the propriety of the January 28, 2002 judgment could have been raised in a timely appeal from that judgment, they cannot support relief under a Civ.R. 60(B) motion, and the trial court did not abuse its discretion in overruling the motion.[11] Accordingly, Wilson's first assignment of error is overruled.
 {¶ 8} For his second assignment of error, Wilson claims that "[t]he trial court erred when it assessed court costs against Appellant in the amount of 100.47 dollars."
 {¶ 9} Pursuant to Civ.R. 54(D), the assessment of costs rests within the trial court's discretion unless a particular statute provides for a specific assessment of costs.[12] The record does not indicate and Wilson presents no arguments or authority supporting that the trial court abused its discretion in imposing costs; therefore, we do not find that the trial court erred in this regard. Accordingly, Wilson's second assignment of error is overruled.
 {¶ 10} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, the judgment of the Marion County Common Please Court is hereby affirmed.
Judgment affirmed.
BRYANT and HADLEY, JJ., concur.
[1] Key v. Mitchell (1998), 81 Ohio St.3d 89, 90-91; State ex rel.Richard v. Cuyahoga Cty. Commissioners (2000), 89 Ohio St.3d 205,206.
[2] Id.
[3] Rose Chevrolet Inc. v. Adams (1988), 36 Ohio St.3d 17, 21.
[4] Id., citing Magyar v. Lightning Rod Mut. Ins. Co. (Oct. 13, 1995), Erie App. No. E-95-007.
[5] Pitts v. Ohio Dept. of Transp. (1981), 67 Ohio St.2d 378, paragraph one of syllabus.
[6] Id. at 381.
[7] Yakubik v. Yakubik (March 29, 2000), Summit App. No. C.A. 19587;Key, supra; Richard, supra.
[8] Dzina v. Dzina (May 30, 2002), Cuyahoga App. No. 80029, 2002-Ohio-2753.
[9] Strack v. Pelton (1994), 70 Ohio St.3d 172, 174.
[10] Caron v. Manfresca (Sept. 23, 1999), Franklin App. No. 98AP-1399, citing Justice v. Lutheran Social Serv. of Cent. Ohio (1992),79 Ohio App.3d 439, 442.
[11] Key, supra; Richard, supra.
[12] Civ.R. 54(D) staff notes; Vance v. Roedersheimer (1992),64 Ohio St.3d 552, 555.