OPINION
{¶ 1} On April 21, 2000, Real Estate Appraisal, Inc. ("REA") filed a complaint in the Franklin County Municipal Court, Small Claims Division, against Rena Starks. REA alleged that Ms. Starks owed it $2,207.49 on an account. Ms. Starks filed an answer and a counterclaim. The counterclaim averred that the account attached to the complaint contained errors and omissions and set forth claims alleging "account stated procured by fraud," detrimental reliance, unjust enrichment and fraud. Ms. Starks demanded judgment in excess of $3,000, $5,000 in punitive damages, attorney fees, and any other appropriate relief. The amount(s) demanded by Ms. Starks in her counterclaim took the case out of the small claims division and into the general civil division.
 {¶ 2} Ms. Starks made requests for production of documents going back to 1997. Apparently, REA and its attorney expended "many hours" complying with discovery requests. The trial date was continued twice. On November 12, 2000, Ms. Starks' attorney, Kelli E. Lister, filed a motion to withdraw as counsel on the basis that Ms. Starks had retained new counsel. The motion to withdraw was granted.
 {¶ 3} A bench trial was held on December 12, 2000. At the beginning of trial, Ms. Starks dismissed all of her counterclaims. On December 19, 2000, the trial court journalized a judgment entry. The trial court found that Ms. Stark owed REA $2,207.49 for work performed and entered judgment in favor of REA accordingly.
 {¶ 4} On December 26, 2000, Ms. Starks filed a request for findings of fact and conclusions of law pursuant to Civ.R. 52. The trial court initially denied such request. However, on March 1, 2001, the trial court filed an entry nunc pro tunc, finding Ms. Starks' request for findings of fact and conclusions of law was timely, and the trial court reopened the matter and ordered the parties to submit proposed findings of fact and conclusions of law. Both parties did so, and on April 3, 2001, the trial court filed a judgment entry which contained detailed findings. The trial court, in essence, came to the same decision it had previously rendered, finding Ms. Starks owed REA $2,207.49.
 {¶ 5} On April 24, 2001, REA filed a motion for sanctions, pursuant to R.C. 2323.51 and Civ.R. 11, against Ms. Starks and her former attorney, Ms. Lister. REA asserted that the filing of the counterclaim and related discovery requests constituted frivolous conduct, was not based on any evidence, and was for the purpose of harassing and placing an undue burden on REA. On May 2, 2001, Ms. Starks filed a notice of appeal from the April 3, 2001 judgment entry.
 {¶ 6} Scheduled hearings on the sanctions motion were continued several times. On July 20, 2001, a satisfaction of judgment was filed, indicating that the April 3, 2001 judgment against Ms. Starks had been paid and satisfied. On this same date, a release and partial dismissal was filed, indicating that REA and Ms. Starks had reached an agreement as to the pending sanctions claim against Ms. Starks. REA thereby released and dismissed Ms. Starks from the sanctions matter, and the sanctions claim against Ms. Lister remained pending.
 {¶ 7} On December 26, 2001, REA filed a motion to strike the settlement agreement with and the release and partial dismissal of Ms. Starks. REA alleged that Ms. Starks had failed to appear at the sanctions hearing against Ms. Lister, wherein Ms. Starks was to testify on behalf of REA, and had failed to abide by the terms of the settlement agreement. Ms. Starks filed a motion to strike this motion, arguing she was no longer a party.
 {¶ 8} On January 18, 2002, the trial court held a hearing on the sanctions matter. On March 8, 2002, the trial court filed two separate entries. The document entitled "ENTRY," which was submitted and signed by REA's attorney and Ms. Starks' attorney (Ms. Lister did not approve of same), stated:
 {¶ 9} "This matter came to be heard on January 18, 2002 upon Plaintiff Real Estate Appraisals, Inc.'s Motion to Impose Sanctions Against Attorney Kelli E. Lister and Defendant Rena Starks, and Defendant Rena Starks' Motion for Sanctions Against Plaintiff Real Estate Appraisals, Inc. and Attorney Robert G. Kennedy. All parties were present. The Court declines to hear this action and hereby dismisses the same."
 {¶ 10} The other entry, entitled "JUDGMENT ENTRY," was submitted and signed by Ms. Lister and Ms. Starks' attorney (REA did not approve of same) and stated:
 {¶ 11} "This cause came to be heard on January 18, 2002 upon Plaintiff's Motion to Impose Sanctions Against Attorney Kelli E. Lister and Defendant Rena Starks. All parties were present. Upon due consideration of the pleadings and the arguments and commentary of counsel made on the record at hearing, Plaintiff's Motion For Sanctions is hereby overruled."
 {¶ 12} On April 4, 2002, REA filed a notice of appeal from the March 8, 2002 entries. REA (hereinafter "appellant") has set forth the following errors for our consideration:
 {¶ 13} "1. THE TRIAL COURT ERRED IN SIGNING AND FILING TWO INCONSISTENT ENTRIES DISMISSING THIS MATTER.
 {¶ 14} "2. THE TRIAL COURT ERRED IN FAILING TO HEAR TESTIMONY UPON PLAINTIFF'S MOTION AS REQUIRED BY O.R.C. 2323.51."
 {¶ 15} Prior to reaching the assignments of error, we must address the motion to dismiss filed by Ms. Starks with this court on April 23, 2002. Ms. Starks argues that she was dismissed as a party to the sanctions motion below and, therefore, she should be dismissed as a party to this appeal. We agree.
 {¶ 16} The record shows that on July 20, 2001, Ms. Starks satisfied the underlying judgment against her (the April 3, 2001 judgment awarding appellant $2,207.49 on its complaint). In addition, Ms. Starks was released and dismissed from the subsequent sanctions action.
 {¶ 17} It is well-established that a satisfaction of judgment renders an appeal from such judgment moot. Bob Krihwan Pontiac-GMC Truck, Inc. v. Gen. Motors Corp. (2001), 145 Ohio App.3d 671, 675, citing Blodgett v. Blodgett (1990), 49 Ohio St.3d 243, 245. Where the court rendering judgment has jurisdiction of the subject-matter of the action and of the parties, fraud has not intervened, and the judgment is voluntarily paid and satisfied, payment puts an end to the controversy and takes away from the defendant the right to appeal or prosecute error or even to move for vacation of judgment. Rauch v. Noble (1959),169 Ohio St. 314, 316, quoting Lynch v. Lakewood City School Dist. Bd. of Edn. (1927), 116 Ohio St. 361, paragraph three of the syllabus.
 {¶ 18} Since the record before us shows that a voluntary satisfaction of judgment has been made and that Ms. Starks was dismissed from the sanctions action, Ms. Starks is no longer a party to any action stemming from the original small claims case, including the subsequent sanctions action. We note that the dismissal of Ms. Starks from the action(s) below was unconditional, and the trial court did not retain jurisdiction to enforce the settlement between appellant and Ms. Starks. See The Cambodian Buddhist Society, Inc. v. Yan Ke, Franklin App. No. 01AP-731, 2002-Ohio-2766, at ¶¶ 20-22.
 {¶ 19} Given the above, Ms. Starks is not a party to this appeal and, therefore, her motion to dismiss is granted.
 {¶ 20} Turning to the merits of the appeal, appellant's assignments of error are interrelated and, therefore, will be addressed together.
 {¶ 21} Appellant contends the trial court erred in not holding an evidentiary hearing on the sanctions motion and in filing two allegedly inconsistent judgment entries disposing of the sanctions matter. R.C.2323.51 addresses frivolous conduct in civil actions and states, in pertinent part:
 {¶ 22} "(B)(1) * * * within twenty-one days after the entry of judgment in a civil action * * *, the court may award court costs, reasonable attorney's fees, and other reasonable expenses incurred in connection with the civil action or appeal to any party to the civil action or appeal who was adversely affected by frivolous conduct. The award may be assessed as provided in division (B)(4) of this section.
 {¶ 23} "* * *
 {¶ 24} "(4) An award made pursuant to division (B)(1) of this section may be made against a party, the party's counsel of record, or both."
 {¶ 25} We note that this court has held that under R.C.2323.51(B)(1), a motion for attorney fees must be filed within 21 days after the judgment, and there is no requirement that the actual award be made within 21 days of the underlying judgment. See Justice v. Lutheran Social Serv. of Cent. Ohio (1992), 79 Ohio App.3d 439, 444, motion to certify overruled in (1992), 65 Ohio St.3d 1421. Here, the judgment was filed April 3, 2001, and the motion was filed April 24, 2001, exactly 21 days later. Thus, the motion was timely, and the trial court properly entertained it.
 {¶ 26} As to the hearing issue, appellant asserts the trial court erred in failing to hold an evidentiary hearing. Ms. Lister (hereinafter "appellee") argues that R.C. 2323.51 does not mandate that a hearing be held. Appellee is correct.
 {¶ 27} R.C. 2323.51 does not require a trial court to conduct a hearing prior to denying a motion for attorney fees. Ohio Dept. of Adm. Serv. v. Robert P. Madison Internatl., Inc. (2000), 138 Ohio App.3d 388,399, citing Tosi v. Jones (1996), 115 Ohio App.3d 396, 401. The trial court must schedule a hearing only on those motions which demonstrate arguable merit. Justice at 444. The trial court should examine the motion to determine whether it warrants an evidentiary hearing, and where the trial court determines that there is no basis for the imposition of sanctions, it may deny the motion without a hearing. Id. See, also, Pisani v. Pisani (1995), 101 Ohio App.3d 83, 87-88.
 {¶ 28} In the case at bar, a hearing was held on January 18, 2002. It was not an evidentiary hearing; rather, it consisted of the attorneys and the trial court discussing the bases of the motion. Specifically, appellant's attorney argued that the filing of the counterclaim for fraud had no basis and caused appellant to incur attorney fees for defending and complying with discovery requests. A substantive discussion followed as to what happened in the underlying case and why the counterclaim was filed. As to the sanctions motion, the trial court stated that it was "not going to do it." (Jan. 18, 2002 Tr. at 14.)
 {¶ 29} Clearly, the trial court found the motion lacked the merit necessary to order an evidentiary hearing on the matter. Hence, an evidentiary hearing was not required prior to denying the motion. As to the merits of denying the motion, such determination is subject to the sound discretion of the trial court. See Robert P. Madison Internatl. at 399. Given the record before this court and the arguments set forth by the parties, we find the trial court did not abuse its discretion in denying the motion.
 {¶ 30} We now address the trial court's filing of two entries disposing of the sanctions motion. As indicated above, the trial court journalized two entries, one denied the motion and the other dismissed the sanctions action. Given the fact that such denial/dismissal was proper, it makes no material difference whether the motion was denied or the sanctions action was dismissed. Indeed, the trial court could have stated in one judgment entry that the motion was denied and that, accordingly, the sanctions action was dismissed. Because there is no material prejudice to either party in the filing of the two entries on March 8, 2002, we find no reversible error.
 {¶ 31} Given all of the above, appellant's two assignments of error are overruled.
 {¶ 32} Having overruled appellant's assignments of error, the judgment of the Franklin County Municipal Court is affirmed.
Judgment affirmed.
LAZARUS and BROWN, JJ., concur.