OPINION
{¶ 1} Defendants-appellants, Pride Media Limited, EC Holding Limited, and EC Computer Services, appeal from the October 21, 2002 decision and entry of the Franklin County Court of Common Pleas denying appellants' motion for sanctions pursuant to R.C. 2323.51 against plaintiff-appellee, Cortext Limited and Frederick W. Rice ("Rice"). For the reasons that follow, we affirm the decision and judgment of the trial court.
{para; 2} On October 9, 1998, Key Bank loaned appellee $100,000 ("Key Bank loan") pursuant to a demand cognovit promissory note. Appellee reloaned the money to its operating subsidiaries: Pride Media Limited, EC Holding Limited, and EC Computer Services. Appellee is a Nevada limited liability company co-owned by William Montgomery, Richard Kravitz, and Frederick W. Rice, all of whom secured the Key Bank loan.
{para; 3} According to appellee, Montgomery and Kravitz fraudulently conveyed all of the assets and operating businesses of the Cortext companies to themselves in early 1999. In late 1999, Montgomery and Kravitz caused appellants to default on the Key Bank loan, subjecting Rice to sole responsibility for the loan.
{para; 4} On December 21, 2001, appellee filed a complaint for cognovit judgment against appellants. Appellee alleged that appellants executed a cognovit promissory note on October 9, 1998 in favor of appellee. The note authorized the entry of judgment against appellants in the amount of the note, along with interest and attorney fees. Rice, as general counsel, signed the cognovit note for each of the appellants.
{para; 5} On March 12, 2002, appellants filed a motion for relief from judgment. In its motion, appellants alleged, intra alia, that EC Holding was dissolved by Rice in March 1998 prior to the date on the cognovit promissory note, that no note was ever authorized or executed by appellants, and that the only note executed was a note given by appellee to Key Bank in October 1998 (the Key Bank loan). On April 8, 2002, appellee filed a memorandum contra with a supporting affidavit signed by Rice.
{para; 6} On April 22, 2002, the trial court vacated the judgment finding that appellee was not licensed to do business in the state of Ohio when it sought judgment on the cognovit complaint and that appellants had not authorized the note.
{para; 7} On May 22, 2002, appellants filed a motion for sanctions, pursuant to R.C. 2323.51, alleging that appellee and Rice asserted various factual matters that lack factual basis. Specifically, appellants assert that Rice, at the time he initiated the complaint for cognovit judgment in December 2001, knew that EC Holding Limited had been dissolved seven months prior to the execution of the cognovit promissory note. On June 7, 2002, appellee filed a memorandum in opposition to appellants' motion for sanctions. On August 14, 2002, Rice filed a motion for a protective order pursuant to Civ.R. 26(C) to prevent appellants from taking the depositions of Rice and Connie Page, loan officer at Key Bank. On September 25, 2002, the trial court denied Rice's motion for a protective order, noting that Rice and Page are the best sources of information on the execution of the Key Bank loan. The trial court set a hearing on appellants' motion for sanctions for October 9, 2002.
{para; 8} On October 3, 2002, appellants filed a motion for continuance of the sanctions hearing due to the inability to conduct Page's deposition before the sanctions hearing. On October 9, 2002, Rice filed a motion requesting the trial court to dismiss him as an inappropriate target of appellants' motion for sanctions or, in the alternative, to deny appellants' motion for sanctions. Also on October 9, 2002, Rice filed a second motion requesting that the trial court disqualify appellants' counsel.
{para; 9} On October 21, 2002, without conducting a hearing, the trial court overruled appellants' motion for sanctions. Further, the trial court rendered Rice's motion to dismiss him as an object of appellants' sanction motion and Rice's motion to disqualify Eugene Butler moot. The trial court did not rule on appellants' motion for continuance. It is from this judgment entry that appellants appeal, assigning the following as error:
ASSIGNMENT OF ERROR NO. 1
 The trial court abused its discretion in failing to conduct a record evidentiary hearing on Defendants' Motion for Sanctions.
ASSIGNMENT OF ERROR NO. 2
 The trial court abused its discretion in failing to rule upon Defendants' motion for a continuance to conduct discovery that the trial court ruled Defendants were entitled to conduct.
 {para; 10} In the first assignment of error, appellants contend that the trial court erred in failing to conduct an evidentiary hearing on its motion for sanctions. Appellants contend that the setting of a hearing by the trial court suggested that their motion presented a triable issue of fact. Appellee maintains that R.C. 2323.51 does not mandate that a hearing be held. Appellee is correct. R.C. 2323.51(B)(2) provides:
 An award may be made pursuant to division (B)(1) of this section upon the motion of a party to a civil action or an appeal of the type described in that division, but only after the court does all of the following:
 (a) Sets a date for a hearing to be conducted in accordance with division (B)(2)(c) of this section, to determine whether particular conduct was frivolous, to determine, if the conduct was frivolous, whether any party was adversely affected by it, and to determine, if an award is to be made, the amount of that award;
 (b) Gives notice of the date of the hearing described in division (B)(2)(a) of this section to each party or counsel of record who allegedly engaged in frivolous conduct and to each party who allegedly was adversely affected by frivolous conduct;
 (c) Conducts the hearing described in division (B)(2)(a) of this section in accordance with this division, allows the parties and counsel of record involved to present any relevant evidence at the hearing, including evidence of the type described in division (B)(5) of this section, determines that the conduct involved was frivolous and that a party was adversely affected by it, and then determines the amount of the award to be made. * * *
 {para; 11} R.C. 2323.51 only requires a hearing when the trial court may award sanctions. In Re Annexation of 18.23 Acres of Land in Bath Twp. To City of Fairlawn v. Bath Tp. Bd. of Trustee (Jan. 11, 1989), Summit App. No. 13669. In Cm Newspapers, Inc. v. Dawson (Jan. 28, 1992), Franklin App. No. 91AP-1067, we held that:
 * * * [T]he specific language of R.C. 2323.51 does not require the trial court to conduct a hearing before denying a motion for sanctions thereunder; and, in the absence of such language, we are reluctant to suggest that a hearing is required on each motion for attorney fees under R.C. 2323.51 when some motions on their face reveal the lack of a triable issue. * * *
 {para; 12} We reaffirmed our position on this issue in Justice v. Lutheran Social Serv. of Cent. Ohio (1992), 79 Ohio App.3d 439, stating: "R.C. 2323.51 does not require the trial court to conduct a hearing before denying a motion for an award of reasonable attorney fees. The court must schedule a hearing only on those motions which demonstrate arguable merit. * * *" Id. at 444. See, also, Pisani v. Pisani (1995),101 Ohio App.3d 83, 87-88.
{para; 13} The key to this court's analysis of the hearing requirement pursuant to R.C. 2323.51 is that the trial court may deny an oral hearing only to those motions which "on their face reveal the lack of a triable issue." Cm Newspapers, Inc., supra. Stated conversely, only if a motion for sanctions presents a claim which demonstrates arguable merit, must the trial court hold a hearing pursuant to R.C. 2323.51. See Real Estate Appraisal, Inc. v. Starks, Franklin App. No. 02AP-377, 2002-Ohio-6752; Ohio Dept. of Adm. Serv. v. Robert P. Madison Internatl., Inc. (2000),138 Ohio App.3d 388.
{para; 14} In this case, both parties assert that the trial court held status conferences on June 3, 2002 and on October 9, 2002. Apparently at both of the status conferences, appellants and appellee argued the merits of the motion for sanctions. While this court is unable to find confirmation in the record that such conferences were held, the parties are not disputing this issue. On October 21, 2002, the trial court, after hearing arguments of counsel at the October 9, 2002 status conference, overruled the motion apparently determining that appellants' motion lacked merit sufficient to require an evidentiary hearing.
{para; 15} As to the merits of denying the motion, such determination is subject to the sound discretion of the trial court. Robert P. Madison Internatl., Inc., at 399. Finding insufficient support from the face of appellants' motion, we find no abuse of discretion in the trial court's decision not to conduct an evidentiary hearing. See Starks, at ¶ 29. As such, we find appellants' first assignment of error lacks merit.
{para; 16} We now turn to appellants' second assignment of error. Appellants contend that the trial court abused its discretion in failing to rule upon appellants' motion for a continuance. In its brief, appellants maintain that a continuance was requested prior to the hearing on the motion for sanctions, was agreed upon by appellee's counsel, and was necessary in order to accommodate the schedule of appellants' witness.
{para; 17} "The grant or denial of a continuance is a matter which is entrusted to the broad, sound discretion of the trial judge." State v. Unger (1981), 67 Ohio St.2d 65, 67. An appellate court must not reverse the denial of a continuance absent an abuse of that discretion. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
{para; 18} In this case, appellants requested a continuance of the hearing on sanctions in order to conduct the deposition of Page in order to support their claim of frivolous conduct by appellee. In its September 25, 2002 decision and entry denying Rice's motion for a protective order, the trial court noted that "* * * Page promise to be the best [source] of information, as * * * Page was the loan officer who oversaw the Key Bank loan execution." ("Decision and Entry Denying Movant Rice's Motion for a Protective Order, Filed August 14, 2002 and Order Setting Oral Hearing on Defendants' Motion for Sanctions, Filed May 22, 2002," filed September 25, 2002, at 3.) However, as discussed in Assignment of Error No. I, the trial court determined, after hearing counsels' arguments, that appellants' motion lacked merit necessary to warrant an evidentiary hearing. At that point, it became unnecessary to conduct further discovery in the instant matter. We cannot say that the trial court abused its discretion in denying appellants' motion for a continuance to conduct discovery. Accordingly, appellants' second assignment of error lacks merit and is not well-taken.
{para; 19} For the foregoing reasons, appellants' first and second assignment of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
 Judgment affirmed.
WATSON and SADLER, JJ., concur.