SHERIDAN, Appellant and Cross–Appellee,

v.

HARBISON, Exr., et al., Appellees and Cross–Appellants.

[Cite as *Sheridan v. Harbison* (1995), 101 Ohio App.3d 206.]

Court of Appeals of Ohio,
Second District, Miami County.

Nos. 94–CA–16 and 94–CA–19.

Decided Feb. 15, 1995.

*Frederick D. Freed* and *Robert A. Burke,* for appellant and cross-appellee.

*J. Richard Gaier,* for appellees and cross-appellants.

FREDERICK N. YOUNG, Judge.

This case comes to us from a grant of summary judgment in a will contest action brought by Grace Sheridan against Lowell and Helen Harbison. The will contested was one that the deceased, Kathryn Wheeler, executed in November 1991, and that named the Harbisons as the only beneficiaries of her estate. Sheridan urged that this will was the product of fraud and undue influence the Harbisons brought to bear on the deceased, and that it should be declared invalid for that reason. Sheridan, a longtime friend of Wheeler's, was allegedly a sole alternate beneficiary of an earlier will, executed in September 1991, which Wheeler tore to pieces when she made the November 1991 will.

The Miami County Court of Common Pleas, Probate Division, granted summary judgment to the Harbisons, finding from all of the affidavits and depositions filed in the case that Sheridan could not adduce sufficient evidence to prevail in her claim. The court allowed the Harbisons to recover from the estate the attorney fees expended in defending the will against Sheridan's contest action. From this judgment Sheridan appeals, assigning three errors for our review. The Harbisons cross-appeal from the court's denial of their motion for attorney fees from Sheridan, which they sought through R.C. 2323.51 as a sanction against her for bringing what they characterized as a frivolous action.

I

We will address Sheridan's second assignment of error first:

"The trial court erred in granting defendant-appellees' motion for summary judgment."

■ R.C. 2107.71(A) allows "a person interested in a will" admitted to probate to contest the will's validity in a civil action. To have standing to contest the November 1993 will, Sheridan must establish that she is a person "interested" in that will as contemplated in the statute.

■ Because Sheridan would not stand to inherit from Wheeler under the statutes governing intestate succession, she must demonstrate the prima facie validity of the will under which she claims in order to establish that she has the requisite pecuniary interest in the will she seeks to contest. *Kennedy v. Walcutt* (1928), 118 Ohio St. 442, 446, 161 N.E. 336, 338. It is well settled that "persons who are beneficiaries in a will have such a direct pecuniary interest as entitles them to contest another alleged will of the same testator which would destroy or reduce their share in his estate if such other alleged will should ultimately control." *Id.* at 444, 161 N.E. at 337.

■ The will that Wheeler executed in September 1991 was physically destroyed and thrown away when Wheeler executed the new will in November 1991. Wheeler herself destroyed the will. As a result, Sheridan can admit that will to probate only by meeting the requirements of the statute governing the admission of lost, spoliated, and destroyed wills—R.C. 2107.26. Unfortunately, R.C. 2107.26 clearly limits the circumstances under which a lost or destroyed will can be admitted to probate, and those circumstances do not embrace the situation presented in this case. R.C. 2107.26 provides that a lost, spoliated, or destroyed will may be admitted to probate if it was "lost, spoliated, or destroyed subsequent to the death of a testator, or before the death of such testator if the testator's lack of knowledge of such loss, spoliation, or destruction can be proved by clear and convincing testimony."

■ The statute was drafted to allow an alleged beneficiary of a lost or destroyed will an opportunity to rebut the presumption that the will was disposed of by the testator with the intention of revoking it. This she may do by showing that the will was not in the testator's custody after it was executed, or that the testator was otherwise not capable of exercising control over it, by proof of the relationship between the testator and the persons involved, by showing that the testator behaved as though she deemed the will valid and unrevoked up to the time of her death, or by "testimony that a third party fraudulently destroyed the

will." *In re Estate of Haynes* (1986), 25 Ohio St.3d 101, 104, 25 OBR 150, 153, 495 N.E.2d 23, 26.

■ However, R.C. 2107.26 does not permit a lost or destroyed will to be admitted to probate if it was lost or destroyed prior to the testator's death, *with the knowledge of the testator.* Thus, while a lost or destroyed will could be admitted to probate if it could be proven that a third party surreptitiously destroyed it, that same will could not be admitted to probate if the third party instead held a gun to the testator's head and instructed her to destroy it with her own hands. "The standard of proof necessary to admit a lost, spoliated, or destroyed will to probate is clear and convincing evidence that the loss, spoliation, or destruction of the original will occurred subsequent to the death of the testator or before the death of the testator, but without his knowledge." *Id.* at 103–104, 25 OBR at 152–153, 495 N.E.2d at 25–26.

This would certainly seem to reflect a deficiency in the statute. Unfortunately, it is a deficiency that the legislature must remedy, as this court is not authorized to do so. To construe R.C. 2107.26 to allow Sheridan an opportunity to recover in this case would be to "engag[e] in judicial legislation instead of interpreting the plain language of the statute." *Morris v. Savoy* (1991), 61 Ohio St.3d 684, 713, 576 N.E.2d 765, 786 (Sweeney, J., concurring in part and dissenting in part).

■ Accordingly, under the current statutory scheme, it is precisely because Wheeler destroyed her own September 1991 will that Sheridan will have no opportunity to prove that Wheeler destroyed her will because of fraud or undue influence. Evidence that the Harbisons abused Wheeler until she destroyed the September will and executed a new one in their favor will not negate the fact that Wheeler knew that she was destroying her old will.

Sheridan must show herself interested in the probate of the November will by reference to a valid September will. Because the September will was destroyed by Wheeler with Wheeler's knowledge, the will is not one that can be admitted to probate through R.C. 2107.26. Sheridan is therefore not a person interested in the November will and is not a party who may contest that will's validity according to R.C. 2107.73.

Reluctantly, we must overrule Sheridan's second assignment of error.

## II

Sheridan's first and third assignments of error are as follows:

"The trial court erred in not granting plaintiff-appellant's motion to amend the complaint."

"The trial court erred in not granting plaintiff-appellant's motion for an order (1) vacating a previous order authorizing payment of defendants' attorney fees from the estate and (2) ordering the attorney for the defendants to refund to the estate any attorney fees received by him from the estate for the defense of the will contest action and interest thereon."

These assignments of error both rest on Sheridan's interest in Wheeler's estate, and on her standing to bring the will contest action. Because she is not a person interested in Wheeler's estate, for the reasons discussed above, we will not address the merits of these two assignments of error. They are overruled.

## III

The Harbisons assign one error on cross-appeal:

"The trial court erred and abused its discretion when it failed to conduct an evidentiary hearing on defendant's motion for attorney fees pursuant to R.C. 2323.51."

After the court granted the Harbisons' motion for summary judgment on March 17, 1994, the Harbisons moved to recover $11,505 in attorney fees from Sheridan, alleging that she had brought the will contest action against them frivolously and in bad faith. On April 13, 1994, the court denied the motion without an evidentiary hearing. The Harbisons now contend that R.C. 2323.51, which allows a party to a civil action to move the court for attorney fees expended due to the frivolous conduct of an opposing party, requires a court to conduct a full evidentiary hearing whenever a motion for attorney fees is made, regardless of the merits of that motion, and without reference to whether the court intends to grant or to deny it.

R.C. 2323.51(B)(2) provides, "An award of reasonable attorney's fees may be made pursuant to division (B)(1) of this section upon the motion of a party to a civil action, but only after the court does all of the following: (a) Sets a date for a hearing * * *; (b) Gives notice of the date of the hearing * * *; and (c) Conducts the hearing."

There is a split of authority in Ohio on this issue, with the Court of Appeals for Cuyahoga County taking the view that whenever a motion for attorney fees is made, the court must hold an evidentiary hearing before deciding the motion, and that a failure to hold a hearing is reversible error even if the court ultimately did not award the fees. *Wiltsie v. Teamor* (1993), 89 Ohio App.3d 380, 624 N.E.2d 772; *Bradley Assoc., Ltd. v. Agri World Trade Dev. Corp.* (1991), 76 Ohio App.3d 699, 602 N.E.2d 1264; and *Belfiore v. Natl. Eng. & Contracting Co.* (1991), 71

Ohio App.3d 142, 593 N.E.2d 85. The Court of Appeals for Franklin County has held that "R.C. 2323.51 does not require the trial court to conduct a hearing before denying a motion for an award of attorney fees. The court must schedule a hearing only on those motions which demonstrate arguable merit. Where the trial court determines that there is no basis for the imposition of sanctions, it may deny the motion without a hearing." *Justice v. Lutheran Soc. Serv.* (1992), 79 Ohio App.3d 439, 444, 607 N.E.2d 537, 539.

This court has apparently never been presented with this issue before. We find the position articulated by the Court of Appeals for Franklin County the more persuasive one. R.C. 2323.51(B)(2), by its express terms, does not mandate that an evidentiary hearing shall be held whenever a motion for fees is made, but only states that an evidentiary hearing is a necessary precondition to awarding fees. Fees were never awarded in this case. We are not persuaded that the court abused its discretion in making a preliminary determination that an award of fees would not be warranted. Consequently, the court did not commit prejudicial error in declining to conduct an evidentiary hearing on a motion it apparently determined to be without merit.

The Harbisons' sole assignment of error on cross-appeal is overruled. The judgment of the trial court is affirmed.

*Judgment affirmed.*

BROGAN and WOLFF, JJ., concur.