OPINION
{¶ 1} The Non-Employees of Chateau Estates Resident Association and numerous individual residents of the Chateau Estates mobile-home park appeal from the trial court's May 24, 2007 entries requiring them to pay costs and denying their request for interest on attorney fees. *Page 2 
 {¶ 2} The factual details involving the lengthy litigation history between these plaintiffs and the defendant, Chateau Estates, Ltd. is set forth in our prior opinions on various other matters in this case, and will not be set forth herein.[1]
 {¶ 3} The present appeal involves the payment of interest on attorney fees awarded to the Association. Of relevance hereto, the Association filed a motion seeking more then one hundred thousand dollars in attorney fees. Following hearing, the magistrate awarded the Association the sum of $45,640.25 for attorney fees. Both parties filed objections which were overruled by the trial court on June 8, 2005. Thereafter, the Association filed an appeal. On June 24, Chateau Estates tendered a check for the fees to the Clark County Clerk of Courts along with a notice of escrow which stated as follows: "Upon release of the funds to Plaintiffs' counsel, the Defendant requests this Court to release Defendant from the judgment rendered June 9, 2005 [sic], solely as to attorney fees." A letter attached to the notice of escrow stated: "[If the Plaintiff appeals,] please do not distribute this check. However, if [Plaintiff] desires to obtain this check, then I ask the Court to file a release of Judgment as to the attorney fees only for the court record." *Page 3 
 {¶ 4} In September of 2005 the Association sought additional attorney fees of approximately $30,000. In January, 2006, the Association filed a motion for an additional $2,792 in fees. On February 23, 2006, the trial court issued an entry stating that it would not rule on these additional fee requests while the appeal was pending on the first fee. This court issued an opinion on January 26, 2007 in which we affirmed the fee amount of $45,640.25. See, Non-Employees of Chateau Estates ResidentAssn. v. Chateau Estates, Clark App. Nos. 2005-CA-75, 2005-CA-90, 2005-CA-91, 2005-CA-101, 2005-CA-116, 2007-Ohio-319.
 {¶ 5} On February 2, 2007, the Association filed a motion for post-judgment interest on the attorney fees awarded. The motion sought interest from June 8, 2005-the date the fees were awarded — to the date of payment.
 {¶ 6} On February 15, 2007, the trial court issued an entry ordering distribution of the $45,640.25 in fees. The Association received the payment the following day.
 {¶ 7} On March 19, 2007, the Magistrate ruled on the two additional requests for attorney fees, and awarded the total sum of $4,011.60 to the Association. Following objections, the trial court, on May 24, adopted the magistrate's decision. Of note, in its decision, the trial judge included the following hand-written notation: "Costs to be paid by the plaintiffs."
 {¶ 8} On the same date, the trial court overruled the Association's request for interest on the original award of fees. In its decision, the trial court stated that it knew of no authority permitting it to award interest on the fee award. The trial court further stated that Chateau Estates had attempted to pay the fees to the Association. The trial court stated, "[t]he Plaintiff could have had the money at any time requested and in fact, *Page 4 
when they moved to receive the money an order was issued ordering the Clerk to pay the money to the Plaintiffs immediately." This order also stated that the Association was to pay costs. The Association appealed from the two decisions dated May 24, 2007. We consolidated the two appeals.
 {¶ 9} The first assignment of error raised by the Association is as follows:
 {¶ 10} "THE TRIAL COURT ERRED BY DENYING PLAINTIFFS-APPELLANTS' MOTION FOR POST-JUDGMENT INTEREST ON ITS AWARD OF ATTORNEY FEES."
 {¶ 11} In this assignment of error, the Association contends that the trial court erred by denying its request for an award of interest on the attorney fees previously awarded. We agree.
 {¶ 12} In our prior opinion on this matter, we addressed this issue.Non-Employees of Chateau Estates Resident Assn. v. Chateau Estates, Clark App. Nos. 2005-CA-75, 2005-CA-90, 2005-CA-91, 2005-CA-101, 2005-CA-116, 2007-Ohio-319. At that time, we concluded that the matter was not ripe for review. Id. Now, however, the issue is properly before us and we reiterate the following as set forth in that prior opinion:
 {¶ 13} "As for the issue of post-judgment interest while the clerk retained the money in escrow, we cannot sustain the Association's assignment of error because, as explained above, nothing in the record indicates that the trial court ever denied an award of post-judgment interest or that it intends to do so. Thus, we cannot say that the trial court erred in denying the Association post-judgment interest for the period of time that the attorney-fee check was held in escrow. For present purposes, we simply note that a party awarded attorney fees ordinarily is entitled to post-judgment interest on those fees. *Page 5 
We note too that an appeal by the prevailing party does not necessarily toll the accrual of post-judgment interest. Nor does the act of depositing a money judgment with the court pending appeal. A party obligated to pay an attorney-fee award can stop `the accumulation of post-judgment interest by tendering full and unconditional payment of the judgment to the judgment creditor. The law in Ohio stops the accrual of post-judgment interest only when the judgment debtorunconditionally tenders the money due and owing.' When a judgment debtor tenders payment on the condition of no appeal being filed by the judgment creditor, `the tender is not unconditional, and thus does not toll accumulation of the post-judgment interest.'" Non-Employees ofChateau Estates Resident Assn. v. Chateau Estates, Ltd.,
 {¶ 14} Clark App. Nos. 2005-CA-75, 2005-CA-90, 2005-CA-91, 2005-CA-101, 2005-CA-116, 2007-Ohio-319, ]}72, internal citations omitted.
 {¶ 15} As noted, Chateau Estates did not unconditionally tender the money. Instead, it conditioned the payment of the money upon receipt of a release. It further precluded payment if the Association appealed from the fee decision. Thus, based upon these facts and the above-cited case law, we conclude that the Association is entitled to post-judgment interest on the fees as awarded for the period from June 8, 2005 through February 16, 2007. The first assignment of error is sustained.
 {¶ 16} The second assignment of error raised by the Association states:
 {¶ 17} "THE TRIAL COURT ABUSED ITS DISCRETION BY ORDERING PLAINTIFFS-APPELLANTS, THE PREVAILING PARTY, TO PAY COSTS."
 {¶ 18} The Association contends that the trial court erred by requiring it to pay costs. *Page 6 
 {¶ 19} Civil Rule 54(D) provides as follows: "Except when express provision therefor is made either in a statute or in these rules, costs shall be allowed to the prevailing party unless the court otherwise directs." "The phrase `unless the court otherwise directs' has been held to grant courts the discretion to order the prevailing party to endure part or all of their own costs." Lofino Properties, L.L.C. v.Wal-Mart, Greene App. No. 2003 CA 57, 2004-Ohio-458, ]}31. "Rule 54(D) does not provide an absolute right for court costs to be awarded to the prevailing party. The decision to award or to decline to award costs is a matter within the discretion of the trial court and absent an abuse of discretion will not be reversed on appeal. However, a trial court will be found to have abused its discretion when it declines to award costs to a prevailing party absent an explanation." Id.
 {¶ 20} In its decision assessing costs to the Association, the trial court failed to offer any explanation why it assessed costs against the prevailing party. Further, we cannot discern on this record any reason for such an award of costs. Indeed, from our review of the record, we conclude that the costs should have appropriately been assessed against Chateau Estates as the non-prevailing party. Accordingly, we conclude that the trial court abused its discretion in this regard. The second assignment of error is sustained.
 {¶ 21} Both of the Association's assignments of error being sustained, the judgment of the trial court is reversed. It is further ordered that this matter be remanded for the trial court to issue an order granting the Association's request for post-judgment interest on attorney fees, and for an order assessing the costs associated with all fee issues relevant to this appeal. *Page 7 
BROGAN, J., and DONOVAN, J., concur.
(Hon. Anthony Valen, retired from the Twelfth Appellate District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio)
[1] See Non-Employees of Chateau Estates Resident Assn. v. ChateauEstates, Ltd., Clark App. No. 2005-CA-109, 2006-Ohio-3742;Non-Employees of Chateau Estates Resident Assn. v. Chateau Estates,Ltd., Clark App. Nos. 2005-CA-02, 2005-CA-05 2005-CA-33,2005-Ohio-3739; Non-Employees of Chateau Estates Resident Assn. v.Chateau Estates, Ltd., Clark App. Nos. 2004-CA-19 2004-CA-20,2004-Ohio-3781; Non-Employees of Chateau Estates Resident Assn. v.Chateau Estates, Ltd., Clark App. No. 2002-CA-68, 2003-Ohio-2514;Non-Employees of Chateau Estates Resident Assn. v. Chateau Estates,Ltd., Clark App. No. 2006-CA-25,2007-Ohio-318; Non-Employees of ChateauEstates Resident Assn. v. Chateau Estates, Clark App. Nos. 2005-CA-75, 2005-CA-90, 2005-CA-91, 2005-CA-101, 2005-CA-116, 2007-Ohio-319. *Page 1